TOLEDO AND CHICAGO INTERURBAN RAILWAY
COMPANY *v.* WILSON ET AL.

[No. 6,348. Filed December 16, 1908. Rehearing denied June 25, 1909.]

1. APPEAL.— *Briefs.— Concise Statement of Record.— Failure.—* Whether appellant's failure to set out a concise statement of the record in its brief will work a reversal, is discretionary with the court. p. 214.

2. EMINENT DOMAIN.— *Appraisement.— Exceptions.— Questions Raised by.—Damages.—Interurban Railroads.—*Where landowners except to an interurban railroad condemnation appraisement on the grounds that (1) the assessment of damages is too low, (2) the appraisers failed to allow damages for depreciation of remainder of real estate, (3) the appraisers allowed insufficient damages for land taken, and (4) the appraisers failed to assess damages to the improvements, the trial thereon is not restricted, but any damages allowable under the statute (§934 Burns 1908, Acts 1905, p. 59, §6) should be permitted. p. 215.

3. TRIAL.— *Verdict.— Sufficiency.— Eminent Domain.—Damages.— Interurban Railroads.—*In an action for the condemnation of an interurban railroad right of way, a verdict assessing separately the damages for the land taken, the damage to the residue of the land, and other resulting damages, will support a judgment rendered thereon. p. 217.

4. APPEAL.— *Rehearing.—Questions Presentable.—Briefs.—Failure to Set Out Record.—*Where appellant's brief fails to set out the record presenting the alleged errors, and the court fails to pass on some of them, the others cannot be raised on a petition for a rehearing. p. 217.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by the Toledo and Chicago Interurban Railway Company against Hattie M. Wilson and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*F. L. Welsheimer* and *Taylor & Woods,* for appellant.
*P. V. Hoffman,* for appellees.

MYERS, J.—The appellant brought this proceeding to condemn, for the purpose of a railroad right of way, yards, switches, yard tracks and storage tracks, certain real estate owned by appellees at Auburn Junction, Dekalb county. Appraisers appointed by the court reported, awarding the appellees damages in the sum of $75. To this award the appellees filed exceptions. A jury returned a verdict, assessing the damages of the appellees at $475.

Appellant insists that the court erred in overruling (1) its motion for a *venire de novo;* (2) its motion for judgment for $150 in favor of appellees; (3) its motion for a new trial.

Appellees insist that appellant's brief does not comply with clause five, rule twenty-two, of the Supreme and Appellate Courts, and therefore no question is presented 1. for our consideration. Appellant's brief does not furnish a concise statement of the record presenting all of the errors relied upon, but as the record consists of only a few typewritten pages we have concluded to pass upon what we deem the controlling questions in this case.

The appraisers valued at $75 appellees' real estate which was appropriated, and assessed their damages, on account of such appropriation, in said sum. There were no improvements upon said real estate, and no damages were assessed to the remainder of the real estate owned by appellees. All of said real estate owned by appellees was subject to a mortgage thereon, and the same was owned by appellees as tenants in common.

The appellees, for their exceptions to the report of the appraisers, stated "that they are the owners as tenants in

common for partnership purposes of the lands sought to be appropriated as in the complaint and warrant to said appraisers described, to wit: Lots No. 39, No. 40, No. 45, No. 46 and No. 47; * * * that all of said lots are used as one piece of property for manufacturing purposes, and on which lots are situated said buildings, plant and machinery; * * * that all of said lots are a part of said plant and buildings and business; that said appraisers, in assessing the exceptors' damages, erred in the following particulars, to wit: (1) The assessment of the damages is too low; (2) the appraisers allowed no damages for depreciation in value to the remaining property by virtue of the appropriation of the part of said property to the use of the plaintiff; (3) the value of the part appropriated is assessed too low; (4) the appraisers assessed no damages to improvements, whereas the property appropriated will take a part of the storage shed of defendants' property, the southeast corner of said shed.'' The remaining exceptions on motion of the appellants were stricken out. The exceptors ask ''that said appraisement be not confirmed, but wholly set aside, and the damages determined on trial according to the law and evidence.'' The jury returned a verdict as follows: ''We, the jury, assess the value of the defendants' lands taken by the plaintiff at $75, the damage to the residue of the land not taken at $75, and such other damages as will result to the defendants from the construction of the improvement in the manner proposed by the plaintiff at $325, making the defendants' entire damages $475.'' The jury also returned answers to interrogatories, by which it appeared, among other things, that the land appropriated was a part of lots No. 46 and No. 47. The matters which the appellant has sought to present here may be resolved into the question, whether, upon the trial by the jury, the damages specified in the third item of the verdict might properly be included in the jury's award, and the question whether it was necessary for the jury to find sep-

arately the value of the portion appropriated, to each of the lots No. 46 and No. 47. Section six of the act ''concerning proceedings in the exercise of eminent domain'' (Acts 1905, p. 59, §934 Burns 1908) provides that the appraisers shall determine and report: ''First, the value of each parcel of property sought to be appropriated, and the value of each separate estate or interest therein; second, the value of all improvements thereon pertaining to the realty; third, the damages to the residue of the land of such owner or owners to be caused by taking out the part sought to be appropriated; fourth, such other damages as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff.''

The fifth and last clause, after a provision relating to the case of land sought to be taken by a municipal corporation, proceeds as follows: ''In estimating the damages specified in the foregoing first, second, third and fourth clauses, no deduction shall be made for any benefits that may result from such improvement. For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the service of the notice provided in section three, and its actual value, at that date, shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected, except as to damages stated in the fourth clause hereof.''

By section eight of said act (§936 Burns 1908) it is provided: ''Any party to such action aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such findings and judgments as may seem just.''

MAY TERM, 1909.    217

Toledo, etc., Interurban R. Co. *v.* Wilson—44 Ind. App. 213.

No issues except such as were presented by the exceptions filed appear to have been tried, and it is contended, in effect, that the damages contemplated by the fourth clause of §934, *supra,* could not properly be submitted to trial, and found, as they were by the jury, under the exceptions tried. We are not prepared to accede to this view, but we are of the opinion that upon the trial, under such exceptions as those presented by the appellees, especially that the damages were too low, it was proper to investigate the question of damages as provided by any and all of the clauses of §934, *supra,* and not merely the damages specified in the second, third and fourth items of said exceptions. Aside from these special items, the question as to the amount of all the allowable damages was sufficiently before the court for examination *de novo,* and for the rendition of such findings and judgment as upon the evidence might "seem just." *Louisville, etc., R. Co.* v. *Dryden* (1872), 39 Ind. 393; *Lake Erie, etc., R. Co.* v. *Kinsey* (1882), 87 Ind. 514, 518; *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 308, 311, 3 Am. St. 650; *Midland R. Co.* v. *Smith* (1890), 125 Ind. 509.

The evidence is not in the record, and it does not appear that the land of the appellees appropriated was not in one continuous body or "parcel of property," though extending into and through two lots, which, with other lots adjoining, constituted one piece of property for manufacturing

3. purposes. The verdict was sufficiently formal for the rendition of a proper judgment thereon.

Judgment affirmed.

## ON PETITION FOR REHEARING.

MYERS, J.—Counsel, not heretofore connected with this case, have filed a petition for a rehearing, and briefs in support thereof. From these briefs we learn that

4. appellant company is now in the hands of a receiver, and that counsel who now file said petition are the

attorneys for such receiver. The petition proceeds upon the theory that in our former opinion we failed to pass upon all the questions presented by the record. Appellees in their original briefs made the point that appellant's original brief did not comply with rule twenty-two, clause five, of this court and the Supreme Court, and for that reason no question was presented for our consideration. Strictly speaking, this contention of appellees was well taken, and when it is so we have no right to disregard the rule or go beyond the brief of appellant in quest of errors. But allowing appellant the benefit of the doubt in this regard, we did consider what we supposed were the leading questions, but from the brief on rehearing it is shown that we did not consider all of the questions to be found in the record. These questions, to which our attention is now called by the petition for a rehearing, were not properly presented by appellant in its original presentation of the case, and, being overlooked by us, they cannot be raised and considered upon a petition for a rehearing. *Chapman* v. *Jones* (1898), 149 Ind. 434; *Martin* v. *Martin* (1881), 74 Ind. 207.

As to the questions considered in our original opinion, we find no reason to change our former conclusion. The petition for a rehearing is overruled.