## STATE OF INDIANA *v*. ROUSSEAU ET AL.

[No. 26,276. Filed February 4, 1936.]

*Philip Lutz, Jr.,* Attorney-General, *Herbert Patrick* and *James D. Sturgis,* Deputy Attorneys-General, for the State.

*Eggeman, Reed & Cleland,* for appellees.

HUGHES, J.—This is an action by the State of Indiana against James Rousseau and Anna Rousseau to condemn certain lands of said defendants for state highway purposes for the use and benefit of the Indiana State Highway Commission under the eminent domain statutes of Indiana.

The court found that the State was entitled to condemn the lands described in the complaint for the uses and purposes set out and appointed three appraisers to appraise the damages.

The appraisers filed their report on July 30, 1932.

They found the total damages to be $400, benefits $250, and net damages sustained by the defendants to be $150. On August 26, 1932, the defendants filed a motion to modify the report of the appraisers and strike therefrom the assessment of benefits and to award judgment in the sum of $400 as damages. On September 19, 1932, the court sustained the motion to modify the appraisers' report and directed or ordered the State to pay to the clerk of the court for the use and benefit of the defendants an additional sum of $250, as damages, $150 having been paid to the clerk prior thereto.

The appellant has assigned as error the action of the court in modifying the report of the appraisers and in rendering judgment in accordance with such report of the appraisers as modified by the court.

Section 7686, Burns 1926, §3-1707, Burns 1933, provides:

"Any party to such action aggrieved by the assessment of benefits or damages may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten [10] days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such finding and judgment as may seem just. Such judgment as to benefits or damages shall be appealable by either party as in civil actions to the Appellate or Supreme Court."

It is to be observed that the report of the appraisers was filed on July 30, 1932. No exception was filed by either party within ten days from that date and in fact none were ever filed.

If the appellees were not satisfied with the report as filed by the appraisers then it was their duty, and privilege, to file their exceptions thereto within ten days from the date of filing the report of appraisers. Eminent domain proceedings are statu-

tory and where the statute fixes a definite procedure it must be followed.

> "Proceedings to condemn or appropriate property, in the exercise of the right of eminent domain, are not, in a strict sense, ordinary civil actions, but are statutory actions of a special character, based wholly upon the statute by which they are authorized."

*Toledo Traction Co.* v. *Toledo R. R. Co.* (1908), 171 Ind. 213, 223, 86 N. E. 54; *Lake Shore and Mich. R. R. Co.* v. *C. W. & M. R. R. Co.* (1888), 116 Ind. 578, 19 N. E. 440.

> "It is competent for the Legislature to fix the mode of condemnation, the method by which damages to individuals shall be determined and the proceedings for their recovery. . . . Strict compliance with the requirements of the Act is necessary to accomplish a condemnation on the part of the public, and a like compliance with all the provisions relating to the assessment of damages and their recovery is essential also on the part of the land owner."

*Lincoln* v. *Colusa County* (1865), 28 Cal. 662.

In the instant case the statutory provisions were not complied with. No exception was filed by the appellees, but instead after the time for filing exceptions had passed, a motion to modify the report of the appraisers was filed and sustained. This procedure in effect made the report that of the court and not of the appraisers.

The appellees failed to file any brief to sustain the action of the lower court and this court could well accept such failure as a confession on their part that the exceptions relied upon for reversal by appellant are well taken.

Judgment reversed.