CITY OF MICHIGAN CITY ET AL. *v.* STATE EX REL. SEIDLER

[No. 26,691. Filed February 6, 1937. Rehearing denied
April 27, 1937.]

*Lawrence W. Carmon, Clarence J. Sweeney, Warren J. Rommes* and *Walter R. Arnold,* for appellants.

*Neville W. Williams,* for appellee.

FANSLER, J.—The relator was a member of the Michigan City fire department. In January, 1935, he was given a written notice that on the 15th day of January there would be a hearing upon the question of removing him for the causes set out in the statute (section 48-6105 Burns' Ann. St. 1933, §11478 Baldwin's Ind. St. 1934). On the 16th day of January, 1935, an order was entered removing him from the fire force. Within thirty days of this order, the relator and another fireman, who had been removed at the same time, filed a complaint in the LaPorte Superior Court against appellant City of Michigan City. It appears from the special findings that this complaint was dismissed upon motion of the defendant city, upon the theory that the statute, section 48-6105, *supra,* under which the action was

brought, is unconstitutional. The statute in question provides that an action to question an order of the board of safety removing a fireman must be brought within thirty days. Thereafter, and more than thirty days after the order of the board, this action was commenced seeking a mandate against appellants requiring the reinstatement of relator as a city fireman. The facts were found specially, there were conclusions of law, and judgment as prayed.

We are confronted at the outset with a motion to dismiss the appeal for want of jurisdiction. The appeal was taken under section 2-4717 Burns' Ann. St. 1933, section 488 Baldwin's Ind. St. 1934, which provides that:

"In all actions in which any city, or town, or those representing it in any official capacity, are entitled to pray or take an appeal of any kind, the same shall be granted or taken as to such city, or town, or such persons, without bond. Any term appeal so granted may be perfected without further notice at any time within the period of time allowed for perfecting general appeals in vacation.

"No proceedings shall be had to enforce any judgment against such city, or town, or such persons, and execution thereon shall be stayed pending an appeal therefrom.

"No bond or undertaking shall be required of any city, or town, or those representing it in any official capacity, in any proceeding or action, either by or against it, or them, in which any such bonds or undertakings are either now or may be hereafter required generally of any parties thereto."

The judgment was rendered on December 23, 1935, and on the same day the appeal was prayed. The transcript was filed in the office of the clerk of this court on March 12, 1936, eighty days later. Appellee contends

that there is no jurisdiction in this court; that "the transcript not having been filed within sixty days after the time of giving notice of an appeal, as required by Rule 2 of this court, the notice is without effect, and there being no other notice of appeal, the appeal should be dismissed." But the rule of court referred to has no reference to term appeals, and this is a term appeal, and it does not limit the time in which vacation appeals may be taken. It merely makes notice of a vacation appeal ineffective after sixty days. The time within which a vacation appeal may be taken is fixed by statute. When the statute above quoted was enacted there was in force, and there is still in force, a statute fixing the time within which vacation appeals may be taken at 180 days, and there was, and is now, no statute or rule of court otherwise limiting the time for perfecting vacation appeals. The statute under which this appeal is taken provides for a term appeal, and not a vacation appeal. *Board of Public Safety of the City of Muncie et al.* v. *Walling et al.* (1933), 206 Ind. 540, 187 N. E. 385. Appellee contends that the words, "without further notice," in the statute, must be construed as treating the prayer for appeal as a notice, but this view overlooks the fact that the statute did not attempt to create a new type of term appeal in which notice is required, but that its only purpose was to omit the requirement of bond in a term appeal by cities or towns. Since no notice of a term appeal is required, and, since there is no statute or rule of court limiting the time in which vacation appeals can be taken, except the statute which allows 180 days, and, since this appeal was perfected within 180 days, this court has jurisdiction of the appeal, and the motion to dismiss is overruled.

Error is assigned upon the overruling of demurrers to the complaint, and to certain paragraphs of reply, and upon the conclusions of law.

One of the grounds for demurrer was that the action was not brought within thirty days after the ruling of the board of public works and safety complained of, as required by section 48-6105, *supra,* and that it is therefore barred by limitation. While that action was against the city only, and the members of the board were not parties, that procedure was authorized by the section of the statute referred to. The actions therefore were between the same parties, concerning the same subject-matter. It is found as a fact that the appellant city procured the dismissal of the first action upon the ground that the statute is unconstitutional. It is sought to bar this action upon the ground that the statute is constitutional. Appellants concede that the relief to which appellee was entitled is identical in the two actions, and cite *Albert et al* v. *Milk Control Board* (1936), 210 Ind. 283, 200 N. E. 688, as authority for that view, which it is. The statute therefore provides nothing new by way of relief, but only a method of procedure, including necessary parties and a limitation of time within which the action can be brought. *City of Elkhart* v. *Minser* (1937), ante 20, 5 N. E. (2d) 501. In *State ex rel. Western Construction Co.* v. *Board of Com'rs of County of Clinton* (1906), 166 Ind. 162, 209, 76 N. E. 986, 1001, the following language was quoted with approval: "A man must choose between different and inconsistent rights, and cannot assert one after he has deliberately elected to enforce the other." And: "We understand it to be a rule in the administration of justice, that a man shall not be permitted to deny what he has solemnly acknowledged in a judicial proceeding, nor to shift his position at will to a contradictory one, in relation to the subject-matter of litigation, in order to prostrate and defeat the action of the law upon it." It was held that where a party upon appeal had procured this court to decide a case in his favor, upon the ground that the

judgment did not preclude his adversary from asserting claims, he could not on second appeal take a position inconsistent with the theory upon which he induced the court to affirm the case. The principle is the same. The appellee had the right to submit the subject-matter of the litigation to the court. Having procured a ruling in the first case that the action under the statute would not lie because of unconstitutionality, and that appellee's remedy was by an action in mandamus, appellants cannot now be heard to assert that the action in mandamus will not lie because the statute is constitutional, and that the remedy is by the action provided by statute.

Appellants' contention that the city *qua municipium* is not a proper party to the action, and that the judgment of mandate is of no effect against it, may be conceded. It does not affect the merits of the controversy.

It is alleged in the complaint that the relator appeared at the meeting of the board of which he was notified; that after the charges were read to him, he denied each charge separately, and notified the board that he was not guilty of the charges, and was ready and willing to perform such duties as were required of him as a member of the fire department, and that thereupon, without evidence or trial, the board adjourned and one hour later made an entry on its record dismissing relator upon the charges, and that he was notified of the order. It was also alleged that he had always been an efficient member of the fire department, and never had been guilty of the charges that had been made against him, and that the charges had been filed and his dismissal ordered in furtherance of an unlawful design upon the part of the board. The evidence is not in the record. It is recited in the special findings that the relator appeared before the board at the hour specified in the notice, and that three attorneys appeared with him and entered their appearance for him and were present at

the meeting; that the board convened and the chairman explained the purpose of the meeting and had the charges read to relator, after which the board asked the relator if he had anything to say; that relator arose to his feet and denied each and every charge preferred. Then the board again inquired if he had anything to say, to which he answered "no." Then one of relator's attorneys informed the board that relator was ready, willing, and able to continue his employment. The statute provides that firemen "may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded." Section 48-6105, *supra*.

Mandate will lie only where every act and factor, condition precedent to calling forth the duty of the officer proceeded against, is shown to have been done or to exist before the institution of the action.

The statute clearly contemplates that a fireman may be removed after charges are made, without a hearing, unless a hearing is *demanded*. The complaint does not allege that there was a demand, nor is there a finding of the ultimate fact that a hearing was demanded by relator. Granting appellee's contention that antecedent error in overruling a demurrer for want of facts to a complaint is rendered harmless, where there are special findings, and the omitted facts are found, that rule cannot apply here, since there is no finding of the ultimate fact of a demand for a hearing. Appellee relies upon the rule that, while an action of mandate will not lie until a demand has been made upon the officer to perform his duty, there is an exception in cases where it appears that a demand would be useless, or where the relator has performed acts equivalent to a

literal formal demand. The necessity for a demand here arose out of the statute. It is not a case in which duty required the board to act, and it had failed to act, and a demand for action was necessary before a suit to compel action. Here the board was not required to grant a hearing until it was demanded, and so long as there was no demand for a hearing, there was no duty to grant one. There is no finding that a demand would have been useless. In argument appellee says: "The statement under argument in appellants' brief 'that is the real gravamen of his grievance in the action—that the Board accorded him no hearing,' shows that either appellants have not grasped appellee's theory, or refused to meet it. Appellee does not contend he was not heard; but that action of the board after hearing him was unlawful." But the appellee's complaint alleges that he was removed without a "trial." Trial at common law referred to a determination of the case upon the facts. Clearly that is what is meant by the word "hearing" in the statute. Later in the section the hearing is referred to as a trial. It is found that no evidence was introduced at the proceeding in the council chamber. There is no finding as to the character of the charges that were read to the relator at the meeting, who made the charges, or whether the facts recited in the charges were sworn to by anyone. There is no finding that the dismissal of relator was wrongful, arbitrary, or unlawful, as charged in the complaint, nor is there a finding by the court upon the question of whether there was or was not sufficient evidence to justify the board in finding that the charges were true, an issue presented by the complaint. There is a failure to find the ultimate facts as to whether a hearing was demanded, or a hearing was had. Before the board, relator was represented by three attorneys. The statute under which the board was proceeding so clearly provides that a hearing is not contemplated un-

less it is demanded, that relator's attorneys could not have been ignorant of the fact that a demand for a hearing was necessary. They seem to have been content with entering a verbal general denial in the nature of a plea of not guilty in a criminal proceeding. Appellee's brief admits that it is true that the court did not find that the relator ever demanded a hearing, but it is asserted that the other findings of fact show that demand for a hearing would have been useless, and that the relator and his attorneys used language sufficient to constitute a constructive demand, and that the filing of a suit by relator, which was later dismissed on motion of the appellant city, amounted to a constructive demand. But the suit was filed after the decision of the board dismissing him was announced, and could not amount to a demand for a hearing. There is no finding that a demand for a hearing would have been useless. So far as the findings recite the evidence, relator and his attorneys did nothing toward demanding or requesting a hearing. They did not even request that relator be sworn as a witness. The situation presented by the evidence recited in the findings can be as readily explained upon the theory that relator's attorneys deliberately refrained from demanding a hearing, as that they were unacquainted with the statute which required a demand, and were in good faith trying to get a hearing. But all of this is a recital of evidence, and not a finding of ultimate fact.

Whether appellee proceeded upon the theory that there was no demand, or that the action of the board after hearing him was unlawful, the facts found are not sufficient to sustain the conclusions of law. There is no finding that there was a demand. There is no finding that there was a hearing. There is no finding that the action of the board after the hearing was unlawful, or that there was no evidence upon the

hearing to sustain it. Nor is there a finding that the relator was not guilty of the charges. In respect to whether or not there was a demand for a hearing, and what transpired at the meeting of the board, the special findings merely recite the evidence as indicated above. Evidence cannot take the place of a finding of an ultimate fact. It is well settled that evidentiary matter in a special finding will be treated as surplusage, and will not be considered upon appeal. A failure to find a material fact must be treated as a finding against the one having the burden of proving that fact. Since there is no finding of a demand for a hearing, or that there was a hearing, and that the action of the board thereon was unlawful, it must be considered that there was no demand for a hearing, and that there was no hearing. *State ex rel. Siebrase et al.* v. *Meiser, Township Trustee, et al.* (1929), 201 Ind. 337, 168 N. E. 185. Upon the facts found, the conclusions of law are erroneous.

Judgment reversed, with instructions to restate the conclusions of law in conformity with this opinion, and enter judgment for appellants.