DENNY ET AL. v. STATE OF INDIANA.

[No. 30,070. Filed April 30, 1963.]

*Paul E. Blackwell, Rochford & Blackwell, Sidney A. Horn, John J. Rochford,* of counsel, all of Indianapolis, *McGaughey, McGaughey & Howard, Harding, Harding & Henthorn, Frank N. Howard, Jr., Raymond O. Evans,* all of Crawfordsville, *Scifres & Hollingsworth* and *Parr, Parr & Parr,* both of Lebanon, for appellants.

*Edwin K. Steers,* Attorney General and *Richard M. Givan,* Deputy Attorney General, for appellee.

JACKSON, C. J.—This appeal is the outgrowth of a condemnation action instituted by the State of Indiana in the Boone Circuit Court to acquire certain real

estate in connection with the improvement of a certain public highway in Boone County, Indiana, known as State Road No. U. S. 52, and designed as Project IN-Q3-4(4) to be used and maintained as a limited access facility by the Highway Department of Indiana as a part of the state highway system. The real estate sought to be condemned is a part of the north east 1/4 of Sec. 1, Twp. 18 N., R. 1W., and is alleged to contain 0.622 of an acre, more or less, or twenty-seven thousand and one hundred square feet. The record description runs to several typewritten pages and in the interest of brevity is therefore omitted.

The complaint alleges that the defendants, Noble Frank Denny and Gladys Mae Denny, husband and wife; Troy H. Haney, d/b/a Downey Dunker Shops; and Ernest Smith and Robert Holmes (operators of a Drive-in and station) are the owners of said real estate. The complaint further alleges that the defendant Sinclair Refining Company claims and asserts an interest in and to the described property.

The complaint contains the usual allegations as to good faith effort to purchase the subject real estate before the institution of the condemnation proceeding, the adoption of the proper resolution by the Highway Department, the public use to which the Highway Department intends to put the real estate, prays for the appointment of three disinterested freeholders as appraisers thereof, and all other steps necessary for the acquisition of the subject real estate by the State Highway Department of Indiana by the exercise of the right of eminent domain.

To the complaint herein all the appellants filed answer, except Robert Holmes who was defaulted. The appellant, Ernest Smith, filed his answer alleging all interest in the subject matter owned by him had been

merged and set over to the appellant, Troy H. Haney, d/b/a Downey Dunker Shops.

The Boone Circuit Court then found that appellee was entitled to condemn the land and the leasehold interests, and appointed appraisers to appraise the land and leasehold interests.

Thereafter the appraisers made their report, which report, omitting the formal parts and signatures, reads in pertinent part as follows:

"A. The fair market value of the real estate being appropriated by the plaintiff in this action, separately stated as to the separate interests of the defendants as follows:

"a. The fair market value of the fee simple interest of Noble Frank Denny and Gladys Mae Denny, husband and wife. $17,969.07

"b. The fair market value of the leasehold interest of the defendant Troy H. Haney, d/b/a Downey Dunker Shops $ 4,400.00

"c. The fair market value of the leasehold interest of the defendant, Sinclair Refining Company $ 6,263.00

"B. The fair market value of all improvements pertaining to the realty, situated on the real estate being appropriated by the plaintiff, separately stated as to the interest of each defendant as follows:

"a. Teh (sic) fair market value of the interest of the defendants, Noble Frank Denny and Gladys Mae Denny, husband and wife, in such improvements $55,119.14

"b. The fair market value of the interest of the defendant, Troy H. Haney, d/b/a Dunker Shops, in any such improvements $ 5,293.36

"c. The fair market value of the interest of the defendant, Sinclair Refining Company in such improvements none

"C. The fair market value of the furniture, fixtures, and equipment which will be taken or

destroyed by the taking of the real estate herein sought to be appropriated by the plaintiff, or the damage to such furniture, fixtures, and equipment which will result from such taking, separagely (sic) stated as to the interests of each of the defendants as follows:

"a. The fair market value of the furniture, fixtures and equipment owned by the defendants, Noble Frank Denny and Gladys Mae Denny, husbnd (sic) and wife, or the damages sustained by them as a result of such taking

$13,276.11

"b. The fair market value of the furniture, fixtures and equipment owned by the defendant, Troy H. Haney, d/b/a Downey Dunker Shops, or the damage to be sustained by him as a result of such taking.     $ 8,754.65

"c. The fair market value of the furniture, fixtures and equipment owned by the defendant, Sinclair Refining Company, or the damage to be sustained by it as a result of such taking.

$ 5,603.90

"D. The damages, if any, to the residue of the real estate owned by the defendants, Noble Frank Denny and Gladys Mae Denny, husband and wife, out of which the real estate sought to be appropriated by the plaintiff in this action is to be taken, including damage to the improvements thereon, if any, separately stated as to:

"Damage to such residue to be sustained by the fee simple owners thereof, Noble Frank Denny and Gladys Mae Denny, husband and wife.
No Residue

"b. Damage to sucy (sic) residue to be sustained by the defendant, Troy H. Haney, d/b/a Downey Dunker Shops on account of his leasehold interest in such residue. No Residue

"c. Damage to such residue to be sustained by the defendant, Sinclair Refining Company, if any, on account of its leasehold interest in such residue.     No Residue

"E. Such other damages as you may find which will result to any of the defendants herein on

account of the construction of the highway as is proposed in plaintiff's complaint in this matter.

"Noble Frank Denny and Gladys Mae Denny $20,000.00

"Troy H. Haney d/b/a Downey Dunker Shops $21,194.64

"Sinclair Refining Company $ 6,263.00

"F. The benefits, if any, to be gained by any of the defendants herein on account of any other interests in land or other properties which any of the appropriation of the real estate herein sought to be taken and the construction of the highway proposed to be made by plaintiff.

"Noble Frank Denny and Gladys Mae Denny $ None

"Troy H. Haney d/b/a Downey Dunker Shops $ None

"Sinclair Refining Company $ none

RECAPITULATION

"Total Damages $164,136.87

"Total Benefits $ None" .

To the award of the appraisers, all parties, appellee and appellants, filed exceptions. The matter was then venued to the Montgomery Circuit Court. After the appellants, Noble Frank Denny and Gladys Mae Denny, Troy H. Haney, d/b/a Downey Dunker Shops and Sinclair Refining Company, had withdrawn from the Clerk of the Boone Circuit Court the respective amounts awarded each of them by the appraisers, the matter came to trial by jury in the Montgomery Circuit Court on the exceptions of the appellee, State of Indiana, on the ground that the amount of the award was too high. Evidence was heard and the court gave the jury its preliminary instructions. The appellee then filed its motion to withdraw its exceptions,

and for judgment on the State's complaint and upon the court appointed appraisers' award, in which motion the appellants, Denny and Denny and Sinclair Refining Company joined.

The court thereupon made a finding that the appellee, as a matter of right, under the facts of the case, was entitled to have its motion to withdraw exceptions and for judgment sustained, and that the appellants were entitled to judgment on the appraisers' award, to which the appellant, Troy H. Haney, d/b/a Downey Dunker Shops excepted. The court thereupon discharged the jury and entered final judgment on the court appointed appraisers' award.

Appellant, Haney, thereafter filed his motion for a new trial, such motion contained eleven grounds; this motion in view of the decision we must reach in this case is not set out nor are the grounds therein discussed. The motion was overruled by the court.

Appellant says there is but one question to be decided by this court on appeal, viz:

"Was the appellee entitled, as a matter of right, under the facts of this case, to dismiss the action?" The answer to that question we think is clearly resolved by resort to the motion itself, which in pertinent part reads as follows:

"The State of Indiana now withdraws its exceptions heretofore filed to the court appointed appraisers' award in this cause and would further show the court that all of the defendants herein have withdrawn the amount of the court appraisers' award made in their behalf, thereby waiving the exceptions filed by each of said defendants.

"Therefore, there being no issue now before the court, the State moves for judgment in this cause on the State's complaint filed herein and upon the court appointed appraiser's award."

The undisputed record in this case clearly shows that appellant, Haney, withdrew the amount of the court appointed appraisers' award paid in by the State to the clerk of the Boone Circuit Court in the amount of $39,642.65.

The appellant, Haney, was precluded from accepting the payment made to the clerk if he would maintain his standing in court to prosecute his exceptions. *Schnull v. Indianapolis, etc., R. Co.* (1921), 190 Ind. 572, 576, 131 N. E. 51.

When the appellant chose to accept the money he thereby waived his exceptions to the award of the appraisers. *Board of Comrs.* v. *Blue Ribbon Ice Cream etc. Co.* (1952), 231 Ind. 436, 441, 109 N. E. 2d 88.

When, as in this case, appellant has withdrawn the amount of the appraisers' award, and the State has withdrawn its exceptions to the award, no issue remained before the trial court which could be submitted to the jury for determination. *State* v. *Redmon* (1933), 205 Ind. 335, 339, 186 N. E. 328.

The judgment of the trial court is affirmed.

Myers, Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 820.