STATE OF INDIANA EX REL. AGAN *v.* HENDRICKS SUPERIOR
COURT, GIBBS, JUDGE.

[No. 268S18. Filed April 8, 1968. Rehearing denied July 11, 1968.]

*E. Alonzo Deckard, Melvin R. Lind,* and *Ryan, Lind & Deckard,* of Danville, for relator.

*John J. Dillon,* Attorney General, and *Charles S. White,* Chief Counsel, for respondents.

PER CURIAM.—This matter arose from a verified petition for a writ of mandate by the relator, in a condemnation matter which was begun by the State in the Hendricks Superior Court. After oral argument, an alternate writ of mandate was granted by this court on the 5th day of February, 1968, commanding the respondents to expunge from the record their order entered December 27, 1967, overruling defendant's motion to strike plaintiff's exception to the court appointed appraisers' report. It further ordered that said motion should be granted and to expunge from the record the plaintiff's exception to the appraisers' report and a demand for a jury trial.

Following are the facts leading to the petition: the summons was served by the sheriff of Hendricks County on the relator, and the return made on the 10th of October, 1967; the return date of the complaint was fixed for the 27th day of October, 1967, at 9 A.M.; the court entered an order of appropriation of the real estate on October 30, 1967, and on the same day appointed three appraisers directing them to appear before the court on November 8, 1967, at 3 P.M. for instructions and to receive and take their oath; the court on the same day, October 30, 1967, directed the said appraisers to file their report *on or before* the 27th of November, 1967, at 1 P.M.; on November 9, 1967, the appraisers received their instructions which were prepared by a deputy attorney general, including thereon Instruction #7 as to the return date for the filing of the report which was left blank; on November 22, 1967, the appraisers' report was duly filed in open court; on November 29, 1967, relator filed her exceptions to the appraisers' report; on December 4, 1967, relator moved to withdraw her exceptions to the same report; later on the same day,

December 4, 1967, the Attorney General's office filed its exception to the appraisers' report.

Respondents cite Burns' § 3-1707(a) which reads as follows:

"In all proceedings by the state highway department of Indiana, or any state board, agency or commission which has succeeded said department in respect to the duties duly charged by law to locate, relocate, construct, reconstruct, repair and/or maintain the public highways of the State of Indiana, having the right to exercise the power of eminent domain for such public use, the said department in its action for condemnation shall not be required to prove that an offer of purchase was made to the land owner and the court or judge in vacation shall on the return day fixed at the time of the filing of the complaint appoint appraisers as provided by law and fix a day certain within ten days thereof for said appraisers to appear, qualify and file their report of appraisal.

"If said appraisers so appointed by the court or judge in vacation shall fail to appear, qualify and file their report of appraisal within said ten day period, the court or judge in vacation shall discharge said appraisers and appoint new appraisers therein in the same manner as above provided.

"All laws or parts of laws in conflict herewith as they pertain to condemnation proceedings by said department are hereby repealed."

This section provides that the court shall on the return date of the complaint appoint appraisers and fix a day certain within ten days thereof for the appraisers to not only appear and qualify, but to file their report. In the case on appeal this was not done, nor could the Judge fix a day certain after the ten days from the return date fixed at the time of the filing of the complaint.

It is significant that the court in this matter did not appoint appraisers within ten (10) days of the return date of the filing of the complaint, namely the 27th day of October, 1967, nor did the State raise any question in this regard. As a matter of fact, the order of appropriation by the respondents was entered on the 30th of October, 1967, directing the ap-

praisers to meet at the office of the Clerk of Hendricks County on the 8th of November, 1967, at 3 P.M. which was twelve (12) days after the return date of the complaint. At that time the Deputy Attorney General who had prepared the order of appropriation for the court was present and had personal knowledge thereof. It is difficult, therefore, to reconcile the State's contention and argument that the provisions of Burns' § 3-1707 (a), *supra*, should have been followed.

The record further indicates that the appointed appraisers were instructed by the court on the following day, namely the 9th of November, 1967, and took their oath before the clerk of the respondent court. The order book entry, on November 9, 1967, indicates that the State of Indiana again appeared by David Moore, Deputy Attorney General. The court on that date gave the State's tendered instructions to the appraisers. Instruction #7 as to the filing of the appraisers' report, is blank as to any time or day to file said report.

The record and docket sheet likewise indicate that on the 30th day of October, 1967, the court directed the appointed appraisers to file their report *on or before* the 27th day of November, at 1 P.M. A notice to this effect was sent to the attorneys of record and to the appraisers, which notice reads: "On or before November 27, 1967, at 1 P.M."

Whereas, the docket sheet shows that the State was present by the Deputy Attorney General on November 9, 1967, neither the relator-defendant was present in person nor by her attorney.

Under these peculiar and particular facts and circumstances, the doctrine of estoppel or waiver may rightly be applied. As indicated in 31 Corpus Jurus Secundum, § 138 (a) equitable estoppel ordinarily may not be evoked against the government, but where the public is represented by the State or municipal government or other agencies subject to equitable estoppel, it may be estopped where the necessary elements or grounds were present as where an inconsistent

position has been assumed. The case of *City of Michigan et al.* v. *State ex rel. Seidler* (1937), 211 Ind. 586 at page 590, 5 N. E. 2d 968 was cited in support of this proposition. Likewise, in *State ex rel. Randall et al.* v. *Long* (1957), 237 Ind. 389, at page 392, 146 N. E. 2d 243, the court stated in effect that where parties consent or agree to a method or procedure for settling their rights, they may not be heard on appeal to complain of error because the agreed procedure was not in technical conformity with orthodox or usually approved methods.

In the case before this court, the State, accepting in effect all of the benefits, should now, therefore, be estopped from objecting to the procedural steps that the relator herein followed. The relator, having withdrawn her exception to the appraisers' report prior to the State's filing their exceptions to the appraisers' report, no longer could have the benefit of said exception; having done so, relying on the termination of the ten (10) day period from the filing of the appraisers' report during which the State had not filed its exceptions, had changed her position.

Burns' § 3-1707 which, among other things, provides for exceptions to appraisment procedure on trial, appeal, etc., in the first paragraph thereof states:

". . . Any party to such action, aggrieved by the assessments of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, *within ten days* after the filing of such report, . . ." (Emphasis added.)

Livewise, Burns' § 3-1727 states:

". . . Any party to the proceedings, whether plaintiff or defendant, aggrieved by the assessment of compensation or damages, or by the fixing of the value of the property involved, or by the fixing of the benefits, as set forth in such report, may file written exceptions thereto in the office of the clerk of the court in which the particular cause is pending, *within ten (10) days* after the filing of such report, . . ." (Emphasis added.)

As to the applicability of Burns' §§ 49-1938, 49-1937, 1967 Cum. Supp., the Attorney General has not denied receiving notice of the time of the filing of the report in the case before this court; that time being November 27, 1967, at 1 P.M.

The Indiana Constitution Article IV, § 19, provides as follows:

> "Every act shall embrace but one subject and matter properly connected therewith; which subject shall be expressed in the title. But, if any subject shall be embraced in an act, which not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

Burns' § 49-1937, *supra*, encompasses by its title, the following:

> "An act requiring service of copies of complaints, cross-complaints, petitions, demurrers, motions, pleadings, notice of trial dates on the attorney general in certain cases."

The title of the 1965 amendment to that Act reads as follows:

> "An act to amend an act entitled "An act requiring service of copies of complaints, cross-complaints, petitions, demurrers, motions and pleadings on the attorney general in certain cases and declaring an emergency" approved February 1, 1945, the same being Chapter 3 of the Acts of 1945."

In neither, are appraisers' reports mentioned or directly or indirectly inferred. The amending title in 1965 did not enlarge the items enumerated in the original title. This court has held that an act or amendment to an act cannot be broader than the title of the act. *State* v. *Iroquois Conservancy District of Indiana, et al.,* (1956), 235 Ind. 353, 133 N. E. 2d 848.

This court has consistently held before and after the Act of 1949, that the general eminent domain statute of 1905 applies alike to all bodies having the right to exercise the power of

eminent domain, including the State, its administrative agencies and municipal corporations, and all are bound by the provisions of that statute. *The Cemetery Company* v. *Warren School Township of Marion County* (1957), 236 Ind. 171, 139 N. E. 2d 538.

In *State* v. *Pollitt* (1942), 220 Ind. 593, 45 N. E. 2d 480 the court held in a condemnation proceeding under the eminent domain Act of 1905 the following:

"It would seem, therefore, that when the legislature provides an exclusive method of procedure to condemn land, available alike to all bodies having the right to exercise the power of eminent domain, any such body seeking to exercise the right, even though it be the State itself by one of its administrative agencies, is bound by the provisions of the eminent domain statute."

Thus, Burns' §§ 49-1938 and 49-1937, *supra,* has no application to the cause of action herein since it is not "an act amendatory to the act concerning proceedings in the exercise of eminent domain."

Sec. 3-1715 of Burns' Ind. Stat. Anno., however, provides as follows:

"The appropriation and condemnation of lands and easements in lands herein authorized shall be made under and pursuant to the terms and conditions of and in the manner prescribed by an act of the general assembly of the State of Indiana, entitled 'An Act concerning proceedings in the exercise of eminent domain,' approved February 27, 1905, and all acts amendatory thereof."

The records of the court are undisputed that the appraisers' report was submitted to the court, accepted by the court, filed and made a part of the record on November 22, 1967. As hereinbefore set forth, the State neither raised the question of Burns' § 3-1707 (a) in its response to defendants-relators motion to strike, along with the State's motion to correct the record nor in its memorandum of law submitted therewith. It has tardily raised this section Burns' § 3-1707 (a), *supra,* only

in respondents' return. Likewise, Burns' § 3-1707(a), *supra,* is silent as to filing of exceptions to the appraisers' report. On the other hand, Burns' § 3-1707 is clear and unambiguous in stating that exceptions must be filed within ten (10) days after the filing of the appraisers' report.

Inasmuch as the ten (10) day time limit started to run November 22, 1967, the day the appraisers' report had been filed, the last day the State had to file exceptions to said report was December 1, 1967. This court has consistently held that where exceptions have been filed more than ten (10) days after the filing of the report of the appraisers, the trial court is without jurisdiction to try the issue of damages or exceptions filed subsequent to the ten days. *Denny* v. *State* (1963), 244 Ind. 5, 189 N. E. 2d 820; *State* v. *Rousseau* (1936), 209 Ind. 458, 199 N. E. 587; *State* v. *Redmon* (1933), 205 Ind. 335, 186 N. E. 328.

In the *Denny* case, *supra,* the court has stated at page 12:

> "When, as in this case, appellant has withdrawn the amount of the appraisers' award, and the State has withdrawn its exceptions to the award, no issue remained before the trial court which could be submitted to the jury for determination."

In the case of *State* v. *Redmon, supra,* at page 329, the court stated the following:

> "Either party to a condemnation proceeding has the privilege of filing written exceptions to the assessment of damages within ten days after the filing of the appraisers report. It is clear that neither party can file exceptions after the expiration of the ten days if neither party has filed within the ten days. It is also clear that, if one party files within the ten day period, and does not dismiss his exceptions, it would not be prejudicial error to allow the other party to file exceptions after the time limited. This follows from the judicial holding that the filing of exceptions by either party brings before the court the whole question of allowable damages; and, consequently, the issue would not be enlarged by a filing of exceptions by the second party. *Toledo, etc. Ry. Co.* v. *Wilson* (1909), 44 Ind. App. 213, 86 N. E. 508, 88 N. E. 864. That was the actual

situation in the case of *Midland Ry. Co.* v. *Smith, supra.* But we do not think that any legal effect can be given to the filing of exceptions after the expiration of the ten day period, and, if the party who has filed in time dismisses his exceptions, there is no issue as to damages before the court."

The alternative writ should be made permanent.

## DISSENTING OPINION

LEWIS, C. J.—I must respectfully dissent from the majority opinion of this Court on the Petition for Rehearing. The order book of the respondent court directed the appraisers to file their report on the 27th of November at 1:00 P.M. The appraisal was duly submitted in open court on November 22, 1967. There is no question that the appraisal was accepted and duly filed by the court on the same day. It is also clear that both parties were required by statute to file any exceptions to the report within 10 days of the filing. The state here filed on December 4, 1967, within ten (10) days of the date set by the court for the filing. However, the Court today holds that the 10-day limitation is to be computed from the actual date of filing rather than from the date ordered for filing by the court.

It is recognized that Burns' Indiana Statutes, Anno., (1968 Repl.), § 3-1707 (a) was not complied with by the court in this case and that petitioner did not object to this non-compliance. However, the rationale of that statute is very much in point on this procedural matter. The statute says:

". . . And the court or judge in vacation shall on the return day fixed at the time of the filing of the complaint appoint appraisers as provided by law and *fix a day certain* within 10 days thereof for said appraisers to appear qualify and file their report of appraisal." (emphasis supplied)

It is too obvious for recitation to state the merits of "certainty" in matters where time limits may, and do as here, shape substantive rights. The legislature called for a day

*certain* from which the parties to the litigation may ascertain *in advance* and with *certainty* the tolling of the 10-day limit. Without advance notice and clarity, only constant and wasteful surveilance at the court house steps would assure parties and counsel that their filing of exceptions will fall within the 10-day limitation.

It is not disputed that the court speaks by its order book. *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63; *O'Malia* v. *State* (1934), 207 Ind. 308, 192 N. E. 435. The order book here called for the filing of the appraiser's report on November 27, 1967, at 1:00 P.M. While the order should have read "on or before" November 27, 1967, correction could have easily been made by petition to amend. The report was tendered five (5) days before that date set by the order book, which as a result of the decision today, moved up by five (5) days the deadline for filing exceptions to the report. As a consequence, a trap for the unwary, rather than certainty designed to expedite trial matters and as designated in Burns' § 3-1707(a), has been created.

In light of the mass litigation flooding our courts today, and the progressive revisions in both federal and state procedural rules, procedural devices which may shackle substantive rights are not to be desired. Reasonableness in this area of the law calls for certainty and predictability wherever it is possible. In this matter, with a court order clearly calling for the appraisal to be filed on November 27, 1967, I believe the better solution is to compute the 10-day time limitation from that date which stands as official public notice as called for in Burns' § 3-1707(a).

I would grant rehearing and vacate the memorandum previously rendered on the petition, and enter an order dissolving the alternative writ issued by this Court on February 5, 1968.

Jackson, J., concurs in this dissenting opinion. Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 446.