307 N.E.2d 51 (1974)
SOUTHERN INDIANA GAS AND ELECTRIC COMPANY, Appellant,
v.
Raymond F. DECKER et al., Appellees.
No. 371S87.
Supreme Court of Indiana.
February 19, 1974.
*52 John R. Burke, Jr., Evansville, for appellant; Bamberger, Foreman, Oswald & Hahn, Evansville, of counsel.
Donald G. Hendrickson, Boonville, for appellees.
GIVAN, Justice.[*]
This Court takes jurisdiction of this appeal from an eminent domain trial for the reason that it was filed prior to January 1, 1972, the effective date of Rule AP. 4. This is an appeal from the overruling of appellant's motion to correct errors in a condemnation action brought by the appellant to acquire an easement for electrical transmission lines across land owned by the Appellees Decker. The Peoples Trust and Savings Bank holds a mortgage covering said land.
The record reveals the following facts:
On December 24, 1968, plaintiff filed its complaint in the Warrick Circuit Court wherein it sought to appropriate an easement 200 feet in width across the Decker land. The stated purpose for the easement was the construction, operation and maintenance of electrical transmission lines under the authority of IC XX-XX-X-X, Burns' Ind. Stat. Ann., 1968 Repl., § 3-1702.
Following the overruling of objections which were filed by the defendants, the court appointed three appraisers, who were sworn and instructed on the 2nd day of July, 1969, and ordered to file their report on or before August 4, 1969.
On August 4, 1969, the appraisers filed their report assessing the damages to the defendants in the amount of $1600.
On August 5, 1969, the appellant appeared in court and paid the amount of the appraisal to the clerk subject to its right to file exceptions to the appraisers' report.
The trial court entered an order allowing the appellant to take possession of the right-of-way.
On August 11, 1969, the appellees appeared by counsel and requested an extension of time in which to file objections to the appraisers' report. In passing upon this request the trial court found that notice of the report had not been given to attorney for the appellees and, therefore, granted them ten days from that date in which to file exceptions. These exceptions were filed by the appellees on August 15, 1969, one day after the expiration of the ten days permitted from the filing of the appraisers' report.
Thereafter the appellant filed a motion to dismiss or in the alternative to strike the exceptions filed by the Appellees Decker. The trial court overruled appellant's motion, and over appellant's objection the cause was submitted to a jury resulting in a verdict for the appellees assessing damages at $4,000.
Appellant first urges that the trial court erred in overruling its motion to dismiss or to strike, and in overruling its objections to the submission of the cause to a trial by jury.
It is appellant's position that the statutory provision which allows a party to file exceptions to the appraisers' award cannot be extended by the trial court. In support of this proposition it cites State v. Redmon (1933), 205 Ind. 335, 186 N.E. 328. In that case the property owner filed exceptions to the appraisers' report after expiration of the statutory time. At page 338, 186 N.E. at page 329 this Court stated:
"A trial court may in its discretion extend time for filing pleadings when the fixing of the time is within the discretion of the court. But a trial court can not extend the time when the time is fixed by statute. This is especially true when the time limited constitutes an element of a right or privilege which is being asserted in a pleading in a special statutory proceeding."
*53 This Court has consistently held that when no exceptions are filed within the statutory period the trial court is without jurisdiction to try the issue of damages. State ex rel. Agan v. Hendricks Superior Court (1968), 250 Ind. 675, 235 N.E.2d 458, 13 Ind.Dec. 664; Denny v. State (1963), 244 Ind. 5, 189 N.E.2d 820; State v. Redmon, supra.
Appellees have filed an affidavit with this Court in which they allege that although they made diligent effort to discover the fact that the appraisers' report had been filed, that such facts were not revealed to them until the sixth day after the filing of the report, at which time they sought and obtained an extension of ten days within which to file their exceptions.
We have searched the record in this case and find no such facts to be recited in the record. The record clearly shows an order book entry showing the date of the filing of the appraisers' report, and on the following day it is shown that the appellant paid its money into court and obtained an order of appropriation from the trial judge. This Court has repeated many times that on appeal the record is conclusive and imports absolute verity. Kain v. State (1955), 234 Ind. 160, 123 N.E.2d 177, 125 N.E.2d 436.
If the record before us is incorrect or incomplete, it would have been a simple matter for the appellees to have supplied omissions or corrections by the use of a writ of certiorari. Kain v. State, supra.
We would further point out that at the time the appellees claim they first learned of the filing of the appraisers' report, there was still remaining three full days of the statutory ten day period within which they were permitted to file exceptions.
We would further note that when the exceptions were finally filed after the expiration of the time allowed, the exceptions were in the usual, simple form consisting of a one page statement that the appraisers' award was too low.
There is nothing in this record before us to indicate any need for this Court to consider further appellees' argument that a trial court should, where equity demands, have the power to extend the time for filing exceptions.
For the foregoing reasons, we are compelled to reverse the trial court.
This cause is, therefore, reversed with instructions to the trial court to set aside the verdict of the jury and to enter an order awarding damages to the appellees in the amount of the court appointed appraisers award.
ARTERBURN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.
NOTES
[*] This case was distributed to the office of the writer on July 31, 1973.