**Lloyd SAMPLAWSKI and Ruth Ann Samplawski, Defendants-Appellants**

**v.**

**The CITY OF PORTAGE, a Municipal Corporation, Plaintiff-Appellee.**

**No. 64A03–8608–CV–227.**

Court of Appeals of Indiana, Third District.

Sept. 9, 1987.

David L. Chidester, Valparaiso, for defendants-appellants.

Steven W. Handlon, Handlon & Handlon, Portage, for plaintiff-appellee.

GARRARD, Presiding Judge.

The City of Portage commenced this eminent domain proceeding to secure a strip of land from Lloyd and Ruth Ann Samplawski so that it could expand Willowcreek and Crisman Roads.

After the original negotiations produced no agreement, a complaint was filed on August 23, 1985. The landowners were served with process on August 27. Contained in the summons was the following admonition:

> "You are not required to file a written answer to the Complaint. The Clerk of Court will notify you by certified mail when court-appointed appraisers have filed their written valuation of your real estate. *If you disagree with that valuation you must file written objections within twenty (20) days after the notice was mailed, or judgment determining value may be entered against you by default.* (emphasis added)

Appraisers were duly appointed and their report was filed with the court on October 2, 1985. A copy of the report was sent to the landowners that same day by certified mail. They received it on October 4.

Three days later Mr. Samplawski met with Robert Goin, the mayor, in an effort to secure a higher price. According to Mr. Samplawski the mayor assured him that while negotiations proceeded, the landowners would not have to comply with any filing deadlines.

It appears, however, that in January the city attorney advised the mayor that the landowners filed no exceptions to the award of the appraisers and that therefore the appraisal had become final. The mayor advised the landowners, and on February 4 they filed what was denominated as a petition for preliminary injunction. Two days later they "amended" the petition to seek a declaration that the city be estopped from asserting their failure to file exceptions.

The city countered with a motion for summary judgment, which the trial court granted. This appeal followed.

IC 32–11–1–8, which applies to this action, requires that any party wishing to take exception to the report of the court-appointed appraisers must file written exceptions with the court, or in the clerk's office, within twenty days after mailing of the notice of the filing of the report. If no exceptions are filed within the time limits fixed by the statute, the report becomes conclusive upon all parties. *State v. Redmon* (1933), 205 Ind. 335, 186 N.E. 328; *Best Realty Corp. v. State* (1980), Ind. App., 400 N.E.2d 1204.

The landowners seek to avoid this effect of their noncompliance by asserting (1) the notice of the appraisers' report was defective; (2) they substantially complied with the requirement; and (3) the city should be estopped from asserting their failure to file exceptions.[1]

### Notice

■ The landowners contend that the summons should have been served with the appraisal report rather than with the complaint. They cite no authority for this contention, but urge that the procedure would be less confusing.

To the extent that their argument may be taken to urge that notice of the filing of the report of appraisers must contain the information which we previously quoted from the summons, we disagree. IC 32–11–1–8 contains no such requirement. It merely mandates that "Notice of filing of the appraisers report shall be given by the clerk to all known parties to the action and their attorneys of record by certified mail." It is not disputed that they received actual notice of the effect of such filing as previously indicated.

We also disagree with their contention that mailing to them a copy of the actual appraisal report was insufficient compliance with the statute. The mailed copy was file stamped by the clerk and, thus, not only notified them of the filing but also advised them of the specific damage figures awarded by the appraisers.

There is no merit to the assertion of defective notice.

### Substantial Compliance

■ Landowners contend they substantially complied with the requirement for filing exceptions. They base this portion of their argument upon the fact that at the meeting on October 7, Mr. Samplawski delivered to Mayor Goin a written proposal of the landowners' opinion of the damages involved in the take.

IC 32–11–1–8 requires that exceptions be filed in writing "in the office of the clerk of such court in vacation, or in open court if in session, within twenty (20) days after the filing of such report...."

Our decisions have held that the eminent domain statutes must be strictly complied with and that their requirements are jurisdictional. *See, e.g., State ex rel. Agan v. Hendricks Sup. Ct.* (1968), 250 Ind. 675, 235 N.E.2d 458; *State v. Redmond, supra.* Thus, in *So. Ind. Gas & Elec. Co. v. Decker* (1974), 261 Ind. 527, 307 N.E.2d 51 our Supreme Court held that failure to file timely exceptions with the court was controlling even though the party had timely appeared and secured an extension of time to file exceptions from the trial court. The court ruled the trial court was without power to grant such an exception.

In accord with these requirements of strict compliance we conclude that delivery of an objection or counter proposal to an agent or employee of the opposing party does not constitute substantial compliance with the requirement that exceptions be filed in open court, or with the clerk when the court is in vacation. We turn then to the final issue raised by the landowners.

### Estoppel

■ The question is whether estoppel is available as a defense. If it is, the materi-

---

**1.** On appeal they also challenge for the first time the original summons as defective. This assignment was not raised in their motion to correct errors and has, therefore, been waived. *Williams v. Graber* (1985), Ind.App., 485 N.E.2d 1369.

als filed by the landowners are sufficient to create an issue of fact as to what the mayor told the landowners concerning the lack of need to comply with any filing deadlines while negotiations continued.

The general rule is that the public, whether it be the state or a local governmental body, cannot be estopped by the actions of public officials. *City of Crown Point v. Lake County* (1987), Ind., 510 N.E.2d 684; *Advisory Bd. of Zoning Appeals v. Foundation, Etc.* (1986), Ind.App., 497 N.E.2d 1089; *Cablevision of Chicago v. Colby Cable Corp.* (1981), Ind.App., 417 N.E.2d 348. The reason behind the rule is two-fold. If the government could be estopped, then dishonest, incompetent or negligent public officials could damage the interests of the public. At the same time, if the government were bound by its employees' unauthorized representations, then government, itself, could be precluded from functioning. *See Gressley v. California* (7th Cir.1979), 609 F.2d 1265.

Moreover, analogous precedent supports applying the general rule in situations similar to the one now before us. In *Middleton Motors, Inc. v. Ind. Dept. of State Revenue* (1978), 269 Ind. 282, 380 N.E.2d 79 state tax authorities advised Middleton Motors that it had two years after the final payment of back taxes to file an action to claim the taxes were excessive. In fact the law required filing within three months and Middleton missed that deadline. The Supreme Court affirmed the dismissal of Middleton's claim, stating:

> "When the legislature enacts procedures and timetables which act as a precedent to the exercise of some right or remedy, those procedures cannot be circumvented by the unauthorized acts and statements of officers, agents or staff of the various departments of our state government."

380 N.E.2d at 81. The court held that equitable estoppel could not be applied against the public.

The general rule is not, however, without exception. A significant factor in determining whether the exception may be applied is whether public funds are involved. Estoppel may be permitted when its application will not involve the unauthorized or unlawful use of public funds. *City of Crown Point, supra; Cablevision, supra.*

It has also been said that estoppel may be permitted where the limitations on governmental authority are not clear and unambiguous, or where the government attempts to take inconsistent positions at different stages of the same proceeding. *State v. Hendricks Supt. Ct.* (1968), 250 Ind. 675, 235 N.E.2d 458; *Cablevision, supra.*

Most stressed, however, is the idea that estoppel may be allowed if the failure to allow it would result in thwarting public policy or defeating the public interest. *Crown Point, supra; Cablevision, supra.* Unfortunately, the decisions have done little to define when it is that public policy favors rather than opposes the application of estoppel. For instance, it would appear to favor the public interest that citizens be able to rely upon the representations made by their public officials, yet that interest is clearly outweighed in the statement of the general rule. Perhaps it is sufficient for present purposes to state that for an exception to the general rule to apply, there must be an articulable public policy reason which the court determines outweighs the public policy that supports denying estoppel.[2]

We find no such policy ground to exist concerning the landowners' claim. The expenditure of public funds is potentially involved since applying estoppel would permit a trial wherein the landowners would seek a recovery greater than that found

---

2. We recognize that what is apparently a second exception permitting the application of estoppel exists, although it has not been discussed as a departure from the general rule. This exception permits the use of estoppel in cases arising under the Indiana Tort Claims Act, IC 34–4–16.-5–1 et seq., at least as to the notice requirement of IC 34–4–16.5–7. *See, e.g., Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190, 191–2; *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225, 228–30; *Allen v. Lake County Jail* (1986), Ind., 496 N.E.2d 412, 414–17; *Board of Aviation Commissioners v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153–55.

due by the appraisers. Even the equitable notion of reliance upon some apparent authority of the mayor is countered by the doctrine that all men are presumed to know the law, *see, e.g., Middleton Motors*, 380 N.E.2d at 81, and by the express warning contained in the summons which was served upon the landowners.

Estoppel was not an available defense to the landowners' failure to file exceptions to the award of the appraisers.

It follows that the court correctly granted judgment for the amount of the appraisers' award.

Affirmed.

MILLER, P.J., and STATON, J., concur.