**BEST REALTY CORP., Best Universal Lock Co., Inc., Best Lock Corporation, Best Products, Inc., Appellants (Defendants),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 2–378A83.

Court of Appeals of Indiana, Second District.

March 5, 1980.

William A. Waddick, Kunz & Kunz, Indianapolis, for appellants.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

---

SULLIVAN, Judge.

This case deals with the procedural complexities of eminent domain actions. On February 7, 1969, the State filed an Amended Complaint for Appropriation of Real Estate naming eight defendants: Best Realty Corp., Equitable Life Assurance Society of U.S., A.I.C. Financial Corp., the Indiana National Bank, Best Foundation, Inc., Best Universal Lock Co., Inc., Best Products, Inc., and Best Lock Corp. On March 14, 1969, the court-appointed appraisers filed their report assessing the total damages at $118,000. These damages were not apportioned among the defendants; rather, the assessment was in gross.

Exceptions to the appraisers' report were timely filed by the State; only five of the eight defendants were named in those exceptions.[1] Thereafter on April 9, 1969, three of the original eight defendants (Best Foundation, Inc., A.I.C., and Equitable Life Assurance) stipulated that their interests were not separate from that of Best Realty. Another defendant, Indiana National Bank, filed a disclaimer of interest in October of 1968. Three other defendants (Best Universal Lock Co. Inc., Best Lock Corp., and Best Products, Inc.) did not stipulate as to interest, but rather, stipulated that the court-appointed appraisers' award could be paid over in the name of Best Realty alone. The case was set for trial and on September 8, 1977, defendants Best Realty Corp., Best Universal Lock Co. Inc., Best Lock Corp., and Best Products Inc. filed a Motion to Dismiss or in the alternative to strike the State's exceptions.[2] That motion was denied.

The grounds for that motion form the basis of this appeal. The issue presented is:
Where the appraisers' assessment is in gross and the State files exceptions as to some but not all the defendants, does the trial court acquire jurisdiction to determine the issue of damages *de novo* as to all the defendants?

The question is one of first impression. Defendants contend that since the ten-day period for filing exceptions is jurisdictional, the court here had no jurisdiction to try the issue of damages *de novo* or to vacate the amount awarded by the court-appointed appraisers as to the three "absent" parties. On the other hand, the State claims that the entire list of defendants need not be named in the exceptions and that the trial court acted within its discretionary powers to effect justice.

 Defendants are correct in their claim that the ten-day period for filing exceptions is jurisdictional. Failure to file exceptions within the requisite time has been held to deprive the court of jurisdiction to try the issue of damages. *Southern Indiana Gas & Electric Co. v. Decker* (1974) 261 Ind. 527, 307 N.E.2d 51; *State ex rel. Agan v. Hendricks Superior Court* (1968) 250 Ind. 675, 235 N.E.2d 458, 238 N.E.2d 446. If neither party files the exceptions, the appraisers' award is conclusive. *Cordill v. City of Indianapolis* (2d Dist. 1976) Ind. App., 345 N.E.2d 274, 275.

 However, if exceptions are filed within the requisite period, the issue of the defendants' compensation and damages is formed as a matter of law upon the filing of those exceptions. *Van Sickle v. Kokomo Water Works Co.* (1959) 239 Ind. 612, 616, 158 N.E.2d 460, 462. The trial is then *de novo. Toledo & Chicago Interurban Railway v. Wilson* (1909) 44 Ind.App. 213, 86 N.E. 508, 88 N.E. 864. In the analogous situation of estate settlement, our courts have held that when exceptions are filed to an executor's report, the report is then regarded as the complaint and the exceptions thereto as the answer. *See Pohlmeyer v. Second National Bank of Richmond* (1948) 118 Ind.App. 651, 661, 81 N.E.2d 709, 713,

---

1. I.C. 32–11–1–8 provides a ten-day period for filing exceptions (Burns Code Ed. 1973). The State filed its exceptions on March 17, 1969, as to Best Realty Corp., Equitable Life Assurance, A.I.C. Financial Corp., the Indiana National Bank and Best Foundation.

2. We are unable to account for the inordinate delay between filing of the appraisers' report and the State's exception, and the filing of the Motion to Dismiss or in the alternative to strike the exceptions.

and cases cited therein. Similarly, the appraisers' report here, becomes the complaint and the exceptions thereto the answer.

■ In the instant case, the complaint concerns a lump sum award. Accordingly, the *issue* to be tried on appeal is the proper amount to be awarded to the parties to that award. Under these circumstances, the State's naming of any party becomes mere surplusage; with the entire award at issue, all parties to that award are inevitably and automatically involved. On the other hand, had the award been apportioned among different parties, the State might well be required to declare its exceptions with specificity to avoid the awards becoming conclusive as to any particular parties. *Cf. Cordill*, 345 N.E.2d 274, 275 (stating that if no exceptions are timely filed, the appraisers' award becomes final).

The relevant statute is also helpful in resolving the problem of the parties involved once exceptions are filed. The statute reads in part as follows:

> "Any party to such action, aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten [10] days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such findings and judgments as may seem just." I.C. 32–11–1–8 (Burns Code Ed. 1973).[3]

The statute, then, permits "any party" to file exceptions thereby bringing "the cause" to trial. What is meant by "the cause" is clarified in *State v. Redmon* (1933) 205 Ind. 335, 186 N.E. 328. There the court explained, "[T]he filing of exceptions by either party brings before the court *the whole question* of allowable damages; and, consequently, the issues would not be enlarged by a filing of exceptions by the second party." 186 N.E. at 329. (Emphasis supplied.) In *Morrison v. Indianapolis &*

*Western Railway* (1906) 166 Ind. 511, 529, 76 N.E. 961, 967, *modified*, 77 N.E. 744, the Indiana Supreme Court stated:

> "' . . . Such judgment as to benefits and damages shall be appealable by either party as in civil actions,' etc. Upon what issue or issues is the cause to proceed to further trial and judgment as provided by this section? Certainly not on the issue tendered by the facts alleged in the complaint, but upon those joined and raised by the report of the appraisers as to the benefits and damages assessed and the exceptions filed thereto by the aggrieved party."

Additional support for the court's jurisdiction over the entire issue and all interested parties comes from *Halstead v. Vandalia Railroad* (1911) 48 Ind.App. 96, 102, 95 N.E. 439, 441–42. There the court explained:

> "The entire purpose of the [exception to the award] was to obtain a reconsideration of the identical question submitted to and determined by the appraisers chosen for the purpose of fixing the damages to appellants [caused by the taking of] the land and improvements taken by appellee. The case, therefore, was to be tried *de novo* . . . .."

Finally, extension of the *de novo* trial to all parties named in the appraisers' award is necessary to avoid inconsistent and arbitrary results. The tract of land at issue here is worth some finite amount of money and the determined amount will later be divided among the interested parties pro rata. Equity dictates that the entire plot of land should be appraised at one consistent value rather than at $X$ dollars as to defendants one through five and at $Y$ dollars as to defendants six through eight. Any holding to the contrary would be unfair to the State. Our Indiana Supreme Court in *State ex rel. Socony Mobil Oil Co. v. Delaware Circuit Court* (1964) 245 Ind. 154, 162, 196 N.E.2d 752, 756, quoting from footnote one of *State v. Montgomery Circuit Court* (1958) 239 Ind. 337, 340, 157 N.E.2d 577, 578 explained:

---

**3.** The statute has since been amended to extend the period for filing exceptions to 20 days. Acts 1975, P.L. 301, § 1, p. 1956.

"For the purposes of condemnation proceedings, the value of all the interests or estates in a single parcel of land cannot exceed the value of the property as a whole . . . .."

Defendants' last contention is that the appraisers' report was contrary to law in that it did not apportion the parties' respective interests.[4] In support of this proposition, appellants rely upon *Douglas v. Indianapolis & Northwestern Traction Co.* (1906) 37 Ind.App. 332, 76 N.E. 892. We agree that the statute mandates the apportionment of interests by court-appointed appraisers. However, a careful reading of the *Douglas* case, 76 N.E. 892, suggests that notwithstanding the mandatory language, an unapportioned award is invalidated only upon a proper plea. The defendants here did not file exceptions to the appraisers' report. In *Douglas*, the court stated:

"*Upon a proper plea* he was entitled to have his damages assessed and apportioned between the Douglases and himself according to their respective rights. (Citations omitted.) He appeared, but failed to plead any interest in the land. By his neglect or refusal to set forth his interest, as he was called upon to do, he thereby assented to a recovery of all damages in favor of the Douglases . . . ."

76 N.E. at 894. (Emphasis supplied.) The logic behind such interpretation of the statute is clear. The provision requiring apportionment is for the benefit of those parties with separate interests. It provides the basis for I.C. 32–11–1–8 which allows those parties who are satisfied with their respective portions to withdraw their share and waive exceptions.[5] Thus should the condemnees choose not to invoke the provisions of I.C. 32–11–1–6 by their failure to

timely object to the absence of apportionment, the appraisers' award in lump sum is valid.

Accordingly, the judgment is affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.

---

4. I.C. 32–11–1–6 (Burns Code Ed. 1973) specifies the appraisers' duties:

"They shall determine and report:

First. The fair market value of each parcel of property sought to be appropriated, and the value of each separate estate or interest therein;

Second. The fair market value of all improvements pertaining to the realty, if any, on the portion of the real estate to be condemned;

Third. The damages, if any, to the residue of the land of such owner or owners to be caused by taking out the part sought to be appropriated;

. . . .."

5. The withdrawal of money by a party is not a final determination. It is subject to repayment of all sums in excess of the amounts awarded as damages in the trial held on the exceptions. See I.C. 32–11–1–8.