**John E. LEHNEN and Anita Jean Lehnen, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A04–9611–CV–465.

Court of Appeals of Indiana.

March 27, 1998.

---

Charles R. Vaughan, Robert W. Johnson, Vaughan and Vaughan, Lafayette, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RATLIFF, Senior Judge.

### Case Summary

In this eminent domain case, Appellants–Defendants, John and Anita Lehnen ("Lehnen"), appeal the trial court's denial of their motion for relief from judgment, where judgment was entered following their failure to file exceptions to the appraiser's report on damages.

### Issues

Lehnen raises two issues for our review which we restate as:

I. Whether the trial court properly denied Lehnen's motion for relief from judgment; and,

II. Whether the trial court's denial of Lehnen's motion effectively deprives them of property without due process of law.

### Facts and Procedural History[1]

The facts most favorable to the judgment show that on August 21, 1992, the State filed its complaint for appropriation of a portion of Lehnen's real estate for the purpose of improvements to U.S. Route 231. The trial court appointed three appraisers to assess the damages sustained by Lehnen. The report of the appraisers set damages at $129,984.00. Both the State and Lehnen filed exceptions to the report.

On September, 27, 1995, the State filed its second amended complaint to reflect changes in construction plans for the highway. The trial court again appointed three appraisers to assess damages. Their report was filed on February 28, 1996 and set damages at $166,000.00.

State filed a motion for judgment on April 26, 1996 because no exceptions to the report

of the appraisers was filed by Lehnen. Following a hearing, the trial court entered judgment in favor of Lehnen for $166,000.00.

On June 3, 1996 Lehnen filed a motion to vacate the judgment alleging mistake, surprise and excusable neglect for failure to file exceptions to the appraisal report. The trial court denied the motion.

### Discussion and Decision

#### I.

Lehnen argues that the trial court abused its discretion in denying his motion to vacate the judgment due to the neglect of his attorney. He contends that the trial court's entry of judgment was the equivalent of a default judgment. The State argues that Lehnen's failure to file exceptions deprived the trial court of further jurisdiction to try the issue of damages.

Our review of a trial court's decision on a motion for relief from judgment under T.R. 60(B) is limited to whether the trial court abused its discretion. *Westlake v. Benedict,* 469 N.E.2d 27, 29 (Ind.Ct.App.1984), *trans. denied.* An abuse of discretion occurs where the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* Whether the facts and circumstances constitute excusable neglect is a determination left to the discretion of the trial court. *Id.*

The procedure established by Ind.Code § 32–11–1–1 *et seq.* for the exercise of eminent domain is, in brief:

*First,* when the complaint is filed a notice is issued and served on the landowner requesting his appearance at a stated time to show cause, if any he have, why the land should not be appropriated. If he believes he has cause he may file 'objections'. If no objections are filed, or if those filed are overruled, an order of appropriation is entered and three appraisers are appointed and ordered to file their report appraising the damage to the landowner resulting from the appropriation.

---

1. We herewith deny Lehnen's petition for oral argument.

*Second,* within [twenty [2]] days of the date the report of appraisal is filed, either or both parties may file "exceptions" to the appraisal.

If timely filed, exceptions raise the issue of the amount of the landowner's damages. That issue is tried *de novo* by the judge, or by a jury if timely requested. If no exceptions are timely filed the appraisers' award becomes final.

*Cordill v. City of Indianapolis Through Dep't of Parks and Recreation,* 168 Ind.App. 685, 345 N.E.2d 274, 275 (1976) (footnote omitted).

■ It appears that Lehnen's attorney believed that because he did file exceptions to the prior report of the appraisers, it was unnecessary to file exceptions to the later appraisal. This was not simply a reappraisal of the damages, however. The State filed an amended complaint for appropriation which led to a new appraisal. "Should a new appraisement be granted by the court ... it will be open to the same proceedings as a first one would be." *Swinney v. The Ft. Wayne and Cincinnati Ry. Co.,* 59 Ind. 205, 218 (1877). Lehnen was required to file exceptions to the February 28, 1996 report of the appraisers within twenty days after the report was filed. *See* Ind.Code § 32–11–1–8.

■ Because "the appraisers' report ... becomes the complaint and the exceptions thereto the answer," *Best Realty Corp. v. State of Indiana,* 400 N.E.2d 1204, 1206 (Ind. Ct.App.1980), Lehnen contends that his failure to file exceptions should be treated as default. We disagree. Eminent domain proceedings are statutory, and where the statute fixes a definite procedure it must be followed. *State v. Rousseau,* 209 Ind. 458, 459–60, 199 N.E. 587, 588 (1936). Compliance with all the provisions relating to the assessment of damages and their recovery is essential also on the part of the land owner. *Id.* Failure to file exceptions within the requisite time has been held to deprive the court of jurisdiction to try the issue of damages. *Best Realty Corp.,* 400 N.E.2d at 1205. If neither

party files the exceptions, the appraisers' award is conclusive. *Id.*

We conclude that the trial court did not abuse its discretion; the trial court had no discretion or jurisdiction to excuse the failure to file exceptions.

## II.

■ Lehnen argues that he was denied of his right to due process of law because the report of the appraisers did not inform him of his right to file exceptions within twenty days. Lehnen asserts that because the report is treated as the complaint, *see Best Realty Corp.,* 400 N.E.2d at 1206, the report must meet the constitutional requirements of notice. The State argues that the report is not required by statute to contain any additional information.

It is well settled that before an action affecting a party's interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment proceeds, the State, at a minimum, must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Yoder v. Elkhart County Auditor,* 632 N.E.2d 369, 372 (Ind.Ct.App.1994), *trans. denied, cert. denied* 513 U.S. 1082, 115 S.Ct. 733, 130 L.Ed.2d 636 (1995), (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). In eminent domain proceedings, "it is essential to due process that the mode of determining the compensation be such as to afford the owner an opportunity to be heard." *Slentz v. City of Ft. Wayne,* 233 Ind. 226, 231, 118 N.E.2d 484, 487 (1954).

■ That Lehnen received notice of the condemnation action and had an opportunity to be heard is established by Lehnen's filing of exceptions to the first report of the appraisers. Lehnen's proper filing of exceptions to the prior report belies his argument that he lacked notice of the statutory time limitation on filing exceptions. The filing of

**2.** Indiana Code Section 32–11–1–8 was amended by P.L. 22–1973, SEC. 8, changing the time for filing exceptions from ten to twenty days.

exceptions carries with it the right to "trial and judgment." Ind.Code § 32–11–1–8. By failing to file exceptions, Lehnen did not take advantage of his further opportunity to be heard. Also, "it is not essential to due process that an appeal ... be provided at every step of the proceedings for the condemnation and taking of property for public purposes." *Slentz,* 233 Ind. at 232, 118 N.E.2d at 488.

As to Lehnen's argument that the appraisers' report must itself meet the constitutional requirements of due process for notice, we disagree. Lehnen's contention that the report is the complaint and as such is subject to all the rules of trial procedure is too broad. The idea that a report and exceptions are treated as a complaint and answer is found in *Pohlmeyer v. Second Nat'l Bank of Richmond,* 118 Ind.App. 651, 661, 81 N.E.2d 709, 713 (1948). *Pohlmeyer* involved exceptions filed to an executor's final report and treated the report and exceptions as the complaint and answer for the purpose of "joining the issues upon which the case is tried." *Id.* In the context of eminent domain proceedings, the report of the appraisers and exceptions thereto serve to establish that only the issue of damages is to be tried. We conclude that the report of the appraisers is not a complaint for purposes of notice to the landowners and that Lehnen received adequate notice of the proceedings to satisfy due process.

Affirmed.

DARDEN and STATON, JJ., concur.