The **CLEAR CREEK CONSERVANCY DISTRICT**, Appellant–Respondent,

v.

**Ronald E. KIRKBRIDE and Bonnie K. Kirkbride**, Appellees–Petitioners.

No. 67A05–9904–CV–152.

Court of Appeals of Indiana.

Nov. 24, 1999.

James M. Houck, Greencastle, Indiana, Attorney for Appellant.

Robert C. Perry, Greencastle, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

The Clear Creek Conservancy District (the "District") appeals the trial court's order granting Ronald and Bonnie Kirkbrides' (collectively the "Kirkbrides") Trial Rule 60(B)(1) motion which decreased the amount of exceptional benefits assessments levied against them.

### Issue

The District raises one issue for our review which we restate as whether the trial court has jurisdiction to consider a Trial Rule 60(B)(1) motion when the Kirkbrides, after receiving notice of the exceptional benefits assessment levied on their property, failed to file a written exception or attend the hearing to dispute the appraiser's report.

### Facts and Procedural History

The facts most favorable to the judgment show that the Kirkbrides are the owners of Lots 51 and 52 in the Victory Hill subdivision of Putnam County, Indiana. These two lots were deeded together in a single warranty deed which was duly recorded in the county recorder's office. The Kirkbrides constructed a single family residence on the combined plot of ground, and the residence currently rests upon the two lots.

The Kirkbrides' lots are within the District, a special tax district created to provide sewer service to residents thereof. On August 5, 1998, the board of appraisers of the District filed a report with the trial court which imposed an exceptional benefits assessment in the amount of three thousand eight hundred dollars per lot in various subdivisions, including Victory Hill. Shortly thereafter, the landowners within the District, including the Kirkbrides, received a notice which provided that each lot would be assessed three thousand eight hundred dollars, and that a hearing on the report would be held. Moreover, the notice informed the landowners that the re-

port submitted by the board of appraisers would be accepted and assessments made accordingly unless the landowner filed an exception to the report before the time set for the hearing.

The Kirkbrides did not attend the hearing, nor did they file an exception to the report. Consequently, they were assessed a total of seven thousand six hundred dollars for lots 51 and 52, which assessment was later approved by an order of the trial court. The Kirkbrides subsequently filed a motion pursuant to Indiana Trial Rule 60(B)(1) to vacate the trial court's judgment in the amount of three thousand eight hundred dollars alleging mistake, surprise, or excusable neglect. The trial court granted the Kirkbrides' Trial Rule 60(B)(1) motion. This appeal ensued.

### Discussion And Decision

The District contends that the trial court lacks jurisdiction to consider the Kirkbrides' Trial Rule 60(B)(1) motion because they failed to file an exception to the appraisers' report or attend the hearing to dispute the assessment. We disagree.

#### A. Standard of Review

■ Our review of a trial court's decision on a motion for relief from judgment under Trial Rule 60(B) is limited to whether the trial court abused its discretion. *Westlake v. Benedict*, 469 N.E.2d 27, 29 (Ind.Ct.App.1984), *trans. denied.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993). An abuse of discretion will not have occurred so long as there exists even slight evidence of excusable neglect. *Lipscomb v. Markward*, 457 N.E.2d 613, 614 (Ind.Ct. App.1983).

#### B. Trial Rule 60(B)(1) Motion

■ The entry of a default judgment for failure to file a responsive pleading is

authorized by Indiana Trial Rule 55(A). After a default judgment is entered, the defaulting party may seek to have it set aside through the procedures of Trial Rule 60(B). Ind. Trial 55(C). Trial Rule 60(B)(1) provides that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect...." A Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment. *Blichert v. Brososky*, 436 N.E.2d 1165, 1167 (Ind.Ct.App.1982). Moreover, a Trial Rule 60(B)(1) motion is addressed to the trial court's equitable discretion, with the burden on the movant to affirmatively demonstrate that relief is necessary and just. *Cazarus v. Blevins*, 159 Ind.App. 512, 514, 308 N.E.2d 412, 414 (Ind.Ct.App.1974). The trial court has considerable equitable discretion in ruling on a Trial Rule 60(B)(1) motion, because there are no fixed standards to determine the parameters of mistake, surprise, or excusable neglect. *Teegardin v. Maver's, Inc.*, 622 N.E.2d 530, 533 (Ind.Ct.App.1993).

■ The District argues that the trial court lacks jurisdiction to consider the Trial Rule 60(B)(1) motion because the Kirkbrides' failed to file a written exception to the board of appraisers' report or attend the hearing to dispute the exceptional benefits assessment that was levied on their property. In support of its proposition, the District relies exclusively on our decision in *Lehnen v. State*, 693 N.E.2d 580 (Ind.Ct.App.1998). In *Lehnen*, this court concluded that the failure to file exceptions to an appraisers' report in an eminent domain action deprived the trial court of jurisdiction to consider a Trial Rule 60(B)(1) motion alleging excusable neglect. *Lehnen*, 693 N.E.2d at 582. The court reasoned that the failure to file exceptions to an appraisers' report does not constitute

a default judgement because the proceedings to dispute the validity of an appraisers' report are statutory, and "where the statute fixes a definite procedure it must be followed." *Id.* The court further reasoned that the failure to file exceptions within the requisite time deprives the court of jurisdiction to try the issue of damages. *Id.*

We believe the facts of *Lehnen* are distinguishable from the present case: in *Lehnen*, we were faced with an eminent domain action, whereas here we have an action by a conservancy district to impose upon a landowner an exceptional benefits assessment. The legislature has provided a comprehensive statutory scheme for filing exceptions to appraisers' reports in eminent domain actions. *See* Ind.Code § 32–11–1–8. However, the legislature has not provided a similar comprehensive statutory scheme for filing exceptions to appraisers' reports in exceptional benefits assessment actions.

We believe that the trial court has jurisdiction to consider the Kirkbrides' Trial Rule 60(B)(1) motion even though they failed to file exceptions or attend the hearing on the appraisers' report to dispute the validity of the exceptional benefits assessment levied on their property. Pursuant to Indiana Code section 14–33–8–9, the board of appraisers filed a report with the trial court which described the property in the District upon which the board of appraisers believed should be imposed an exceptional benefits assessment. The report provided that the two lots owned by the Kirkbrides should each be assessed three thousand eight hundred dollars.

Thereafter, the District provided the Kirkbrides with a notice of the hearing which had been set to consider the board of appraisers' report. *See* Ind.Code § 14–33–8–12(a). The notice informed the Kirkbrides of their right to contest the appraisers' findings by filing an exception and attending the hearing on the report. R. 4. We have held that when exceptions are

filed to an appraisers' report, the report is then regarded as the complaint and the exceptions thereto as the answer. *Best Realty Corp. v. State*, 400 N.E.2d 1204, 1206 (Ind.Ct.App.1980).[1] The Kirkbrides failed to file an exception to the appraisers' report or attend the hearing. The failure of a landowner to file exceptions to the appraisers' report and attend the hearing on the report constitutes an approval of the report by that landowner. Ind.Code § 14–33–8–13. Consequently, the trial court approved the appraisers' report as it pertained to the Kirkbrides, and ordered them to pay an exceptional benefits assessment of seven thousand six hundred dollars to the District. Ind.Code § 14–33–8–16.

The trial court's approval of the appraisers' report essentially resulted in a default judgment being entered against the Kirkbrides in favor of the District. The Kirkbrides' failure to contest the accuracy of the appraisers' report resulted in the trial court approving it as true and complete, and ordering the Kirkbrides to pay the District seven thousand six hundred dollars. A default judgment is appropriate when a party fails to respond to a pleading, such as in the present case where the Kirkbrides failed to respond to the appraisers' report. *See* T.R. 7(A); 55(A); *see also Best Realty Corp.*, 400 N.E.2d at 1206. A party may set aside a default judgment by utilizing a Trial Rule 60(B) motion. *See* T.R. 60(B); *see also Security Bank & Trust Co. v. Citizens National Bank of Linton*, 533 N.E.2d 1245, 1247 (Ind.Ct.App.1989). Thus, the trial court had jurisdiction to consider the Kirkbrides' Trial Rule 60(B)(1) motion because the trial court's approval of the uncontested appraisers' report as related to the Kirkbrides essentially resulted in the trial court granting a default judgment in favor of the District.

### Conclusion

Based on the foregoing, we hold that the trial court had jurisdiction to consider the

---

1. We note that *Best Realty Corp.* involved an eminent domain action.

Kirkbrides' Trial Rule 60(B)(1) because the failure of the Kirkbrides to file an exception or attend a hearing on the board of appraisers' report resulted in the trial court entering a default judgment for the District.

Affirmed.

RILEY, J., concurs.

FRIEDLANDER, J., dissents with opinion.

FRIEDLANDER, Judge, dissenting

I believe that the trial court did not have jurisdiction to grant the Kirkbrides' Trial Rule 60(B) motion for relief from judgment, and therefore respectfully dissent from the affirmance of that ruling.

I agree with the majority that the equities in this case favor granting relief to the Kirkbrides from the exceptional benefits assessment levied by the District. Unfortunately for the Kirkbrides, however, the trial court could not exercise its equitable powers because it lacked jurisdiction to grant the Kirkbrides' T.R. 60(B) motion. As the majority notes, and as the District's appellate brief makes clear, the jurisdictional question in this case depends entirely upon whether the holding in *Lehnen v. State*, 693 N.E.2d 580 (Ind.Ct.App.1998) applies on the facts of this case. The majority concludes that *Lehnen* is distinguishable. I disagree.

In *Lehnen*, the State filed a complaint for appropriation of a portion of Lehnen's real estate to perform improvements on a nearby highway. Three appraisers filed a report assessing Lehnen's damages at a certain amount. Both the State and Lehnen filed exceptions. The State filed a second amended complaint for appropriation concerning Lehnen's real estate, reflecting modifications of the original highway improvement plans. A second damages appraisal was performed, resulting in a higher amount than the first appraisal. When Lehnen did not file an exception to the second damages appraisal,

the State filed a motion for judgment and the motion was granted. Thereafter, Lehnen filed a T.R. 60(B) motion for relief from the judgment, alleging mistake, surprise, and excusable neglect. The trial court denied the motion.

In attempting to justify the use of a T.R. 60(B) motion in the eminent domain context, Lehnen argued upon appeal that the appraisers' report was the equivalent of a complaint, and that his failure to file exceptions was the same as a default. This court concluded otherwise, explaining:

> Eminent domain proceedings are statutory, and where the statute fixes a definite procedure it must be followed. Compliance with all the provisions relating to the assessment of damages and their recovery is essential also on the part of the land owner. Failure to file exceptions within the requisite time has been held to deprive the court of jurisdiction to try the issue of damages. If neither party files exceptions, the appraisers' award is conclusive.
>
> We conclude that the trial court did not abuse its discretion; the trial court had no discretion or jurisdiction to excuse the failure to file exceptions.

*Lehnen v. State*, 693 N.E.2d at 582 (citations omitted).

The majority concludes that *Lehnen* is distinguishable because *Lehnen* involved an eminent domain action, while the instant case is an exceptional benefits action. In the majority's view, this distinction is significant because "[t]he legislature has provided a comprehensive statutory scheme for filing exceptions to appraisers' reports in eminent domain actions," but "has not provided a similar comprehensive statutory scheme for filing exceptions to appraisers' reports in exceptional benefits assessment actions." Op. at 855. The majority does not explain the meaning of "comprehensive" in this context, but I take it to mean either that it (1) covers the matter completely, or nearly so, or (2) is sizeable.

With regard to the first meaning, the fact that the statutory provisions specifically pertaining to the filing of exceptions to appraisers' reports in exceptional benefit actions are less prolific than their counterparts in eminent domain actions is not relevant on the question of whether either provides complete coverage of the relevant subject matter. I do not necessarily equate the size or number of statutory provisions with the thoroughness with which the subject area is covered.

With regard to exceptional benefits actions generally, IC § 14–33–8–6 vests in the board of appraisers the duty to determine the amount of exceptional benefits, and specifies factors to be considered in that assessment. IC § 14–33–8–7 sets forth the method and appropriate considerations for determining the amount of exceptional benefits resulting from flood prevention and control, and improving drainage. IC § 14–33–8–8 addresses exceptional benefits for sewage collection, treatment, and disposal. IC § 14–33–8–9 establishes the requirement that the board of appraisers must issue a report of findings. IC § 14–33–8–10 sets forth the required contents of the report of findings. IC § 14–33–8–11 addresses the subject of sewer main installation as an exceptional benefit. IC § 14–33–8–12 establishes the criteria governing notice and hearing on the report of the board of appraisers. IC § 14–33–8–13 addresses acceptance of the appraisal, acquiescence in failure to appraise damages, and exceptions. IC § 14–33–8–15 allocates the burden of proof in an exception action. Finally, IC § 14–33–8–16 establishes the alternatives available to a court at the conclusion of an exception action.

The above provisions, though perhaps not voluminous in size, are sufficiently thorough in their coverage of the general subject matter to be fairly described as "comprehensive." This is true not only with respect to the general statutory scheme governing exceptional benefits assessment actions, but I believe it is equally true with respect to any specific subject matter—including the filing of exceptions to appraisers' reports—covered by the general statutory scheme.

With regard to the second possible meaning of "comprehensive," the statutes governing exceptions to appraisers' reports in eminent domain actions are unquestionably more numerous than those that govern similar proceedings in exceptional benefit assessment actions. But I see no indication in the *Lehnen* decision that the court applied the principle in question because of the volume or size of the statutes governing either eminent domain actions in general, or any specific proceeding addressed therein. To the contrary, I believe that the principle to be distilled from *Lehnen*, *i.e.*, "when a statute fixes a definite procedure, it must be followed," *Lehnen v. State*, 693 N.E.2d at 582, applies without regard to the volume or size of the statutes controlling such actions. This is especially so here because of the relevant similarities between eminent domain actions and exceptional benefits actions in general. Those similarities include the following: (1) A governmental entity is involved in an action against a private entity (2) in a statutory proceeding (3) involving a proposed governmental action (4) that will adversely affect the private entity's pecuniary interests in real estate.

I agree with the *Lehnen* court's conclusion that, in a statutory proceeding between a governmental entity and a private entity, involving the private entity's pecuniary interest in real property, the private entity's failure to follow statutorily prescribed grievance procedures in a timely fashion divests courts of jurisdiction to try the issues statutorily resolved as a result of the lack of timely action. Upon my view that the above principle applies in exceptional benefits actions as well as eminent domain actions, I would reverse the trial court's decision for lack of a jurisdictional basis.