The **CLEAR CREEK CONSERVANCY DISTRICT**, Appellant (Defendant below),

v.

Robert E. **KIRKBRIDE** and Bonnie K. Kirkbride, Appellees (Plaintiffs below).

No. 67S05–0004–CV–00269.

Supreme Court of Indiana.

March 6, 2001.

Michael A. Wukmer, Ice Miller, Indianapolis, IN, James M. Houck, Greencastle, IN, Attorneys for Appellant.

Robert C. Perry, Greencastle, IN, Attorney for Appellees.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

■ The Clear Creek Conservancy District assessed the Kirkbrides sewer construction costs of $3,800 for each of two lots. Thinking their total liability was $3,800 (rather than $7,600), the Kirkbrides did not object within the time period specified by law. They later asked a court for relief because of their "mistake or excusable neglect." We hold that once the statutory deadline passed, the assessment became final and the court had no authority to grant relief on grounds of mistake or excusable neglect.

### Background

The Indiana Conservancy Act allows for "the creation of conservancy districts for the purpose of controlling stream pollution, drainage, irrigation, water supply and other natural resources. It creates a board of directors and permits the levying of a tax and assessment for the benefits and improvements to the real estate within the district." [1] *Martin v. Ben Davis Conservancy Dist.,* 238 Ind. 502, 507, 153 N.E.2d 125, 128 (1958). Pursuant to the Conservancy Act, the Clear Creek Conservancy District ("District") was created to provide sewer service to the residents of certain subdivisions located in Putnam County.

The Conservancy Act authorizes a district to pay for the construction of sewer works by collecting "assessments from land that receives exceptional benefits from the operation of the" sewers. Ind.Code § 14–33–7–5(4) (1998). The District elected to use this technique to fund the construction of its sewers. Following statutory procedures to be discussed at greater length *infra,* court-appointed appraisers prepared a report which called for the imposition of an "exceptional benefits assessment" of $3,800 per lot. The appraisers filed its report with the trial court on August 5, 1998.

Ronald and Bonnie Kirkbride were owners of two subdivision lots, Lots 51 and 52, which were situated within the boundaries of the District. The two lots had been deeded together in a single warranty deed which was duly recorded in the office of the recorder. The Kirkbrides' single family home was constructed on the property line between the two lots. The Kirkbrides, along with other benefited landowners, received a notice, dated August 6, 1998, informing them that each lot had been assessed $3,800 which would be imposed unless they filed an exception to the report before September 29, 1998, the time set for court hearing on whether to accept the appraisers' report. The Kirkbrides neither filed an exception to the appraisers' report nor attended the hearing. Having raised no objection to the report, the Kirkbrides were assessed a total of $7,600 for the two lots. On October 29, 1998, the trial court approved the appraisers' report.

On January 14, 1999, the Kirkbrides sought relief under Indiana Trial Rule 60(b)(1), alleging mistake, surprise, or excusable neglect for failure to file an exception to the appraisers' report.[2] Their mo-

---

1. The Conservancy Act was codified as Indiana Code § 13–3–3–2 *et seq.,* and then Indiana Code § 19–3–2–1 *et seq.;* now see Indiana Code § 14–33–1–1 *et seq.* (Supp. 1995).

2. Indiana Trial Rule 60(B)(1) provides, "On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including judgment by de-

tion requested that the trial court amend its order and reduce the assessment from $7,600 to $3,800, the amount of a single lot. On March 22, 1999, the trial court granted the Kirkbrides' motion and modified its order accordingly. The District appealed. The Court of Appeals affirmed, finding that because the Kirkbrides' failure to file exceptions constituted the equivalent of a default judgment, Trial Rule 60 was available for the trial court to reduce the assessment. *See Clear Creek Conservancy Dist. v. Kirkbride,* 719 N.E.2d 852 (Ind.Ct. App.1999).

The only issue presented in this appeal is whether benefited landowners in conservancy districts are allowed to file untimely exceptions to appraisers' report by seeking judicial relief under Indiana Trial Rule 60(B)(1).

### Discussion

The District contends that the Kirkbrides' failure to file exceptions to the appraisers' report deprived the trial court of jurisdiction to reduce their exceptional benefits assessment under Indiana Trial Rule 60(B)(1). The Kirkbrides respond, arguing that (1) the trial court had proper jurisdiction to rule on the motion; and (2) the court's order granting them relief was proper because the billing for the two lots, $7,600, was a surprise to them. (The Kirkbrides say that they believed that because "their two lots had been deeded together and a single house [was] constructed across the property line of both lots that they would only be assessed for a single lot." Appellee's Br. at 6.)

At issue is whether the principles articulated in *Lehnen v. State,* 693 N.E.2d 580 (Ind.Ct.App.1998), *transfer denied,* 706 N.E.2d 169, a case involving a dispute arising out of an eminent domain action, are applicable to conservancy district assessments. In *Lehnen,* the landowners failed to file exceptions to an appraisers' report that established the payments to which they were entitled for appropriation

of part of their land. *Id.* at 581. The landowners contended that the appraisers' report was tantamount to a complaint and so the failure to file exceptions was the equivalent of a default judgment. Thus, the landowners argued, the trial court had proper jurisdiction to modify the assessment of damages by way of Trial Rule 60(B)(1) on the basis of their attorney's excusable neglect. *Id.* The Court of Appeals rejected the landowner's argument, reasoning:

> Eminent domain proceedings are statutory, and *where the statute fixes a definite procedure, it must be followed.* Compliance with all the provisions relating to the assessment of damages and their recovery is essential also on the part of the landowner. Failure to file exceptions within the requisite time has been held to deprive the court of jurisdiction to try the issue of damages. If neither party files exceptions, the appraisers' award is conclusive.

*Id.* at 582 (internal citations omitted) (emphasis added). The *Lehnen* court held that because the landowners failed to file timely their exceptions, the trial court did not have jurisdiction to step in and consider the issue of modifying the damage assessment. *Id.*

The Court of Appeals in this case declined to follow *Lehnen,* finding that, unlike the eminent domain statute, "the legislature [did] not provide[ ] a similar comprehensive statutory scheme for filing exceptions to appraisers' reports in exceptional benefits assessment actions." *Kirkbride,* 719 N.E.2d at 855. Based on this distinction, the court concluded that the trial court's order approving the appraisers' report constituted a default judgment and affirmed the trial court's use of Trial Rule 60 in granting relief. *Id.* We disagree.

Judge Friedlander's dissent in this case was correct when he stated, "[T]he principle to be distilled from *Lehnen, i.e.,* 'when

fault, for … mistake, surprise, or excusable       neglect."

a statute fixes a definite procedure, it must be followed,' applies without regard to the volume or size of the statutes." *Kirkbride,* 719 N.E.2d at 857 (Friedlander, J., dissenting) (quoting *Lehnen,* 693 N.E.2d at 582). This Court has held repeatedly that a party's failure to file exceptions within the statutory time limit in eminent domain actions deprives the trial court of jurisdiction to consider the issue of damages. *See Southern Indiana Gas & Elec. Co. v. Decker,* 261 Ind. 527, 529, 307 N.E.2d 51, 53 (1974) (citing *Agan v. Hendricks Super. Ct.,* 250 Ind. 675, 235 N.E.2d 458 (1968); *Denny v. State,* 244 Ind. 5, 189 N.E.2d 820 (1963); *State v. Redmon,* 205 Ind. 335, 186 N.E. 328 (1933)); *see also Best Realty Corp. v. State,* 400 N.E.2d 1204, 1205 (Ind. Ct.App.1980).

Indeed, this principle has been applied in at least one case involving a conservancy district. *See In re The Big Raccoon Conservancy Dist.,* 173 Ind.App. 218, 222, 363 N.E.2d 1004, 1007–08 (1977) (holding that because the conservancy district act is a creature of the legislature, freeholders were required to follow statutory procedures for dissolving the district).

Similar to the eminent domain procedures,[3] the Conservancy Act fixes a definite procedure for the imposition of exceptional benefits assessments. After court approval of the conservancy district's comprehensive plan for the accomplishment of the purpose for which the district was established, *see* Ind.Code § 14–33–6–6(c)(1998), and a decision by the district's board to meet its expenses and obligations from the collection of assessments from land that receives exceptional benefits

from the operation of the district plan, *see id.* § 14–33–7–7(a)(3), the court appoints a board of three competent, disinterested persons to serve as appraisers, *see id.* § 14–33–8–1(2).

In the case of sewer projects, the board of appraisers, following the requirements of *see id.* §§ 14–33–8–6 and 14–33–8–8, appraises the amount of exceptional benefits received by each record owner of real property and files a report of its findings with the court, *see id.* §§ 14–33–8–9 and 14–33–8–10. The report must contain the name of each record owner of real property appraised and the amount of exceptional benefits. *See id.* The court then sets a date for a hearing on the report. *See id.* § 14–33–8–12(a).

The court gives notice of the hearing by publication, by mail to each owner named in the report, and by mail to the district. *See id.* § 14–33–8–12(b). Publication of the notice must occur at least 30 days and the mail notice must occur at least 20 days before the date of the hearing. *See id.* The owner "is considered to have acquiesced" in the appraisal "unless, within the time limit prescribed by the notice of hearing on the report of the board of appraisers, the interested person files an exception to the appraisers' report specifying in the exceptions ... the appraisal of exceptional benefits." *Id.* § 14–33–8–13(b). While the determinations of the board of appraisers are considered prima facie correct, a person filing exceptions is entitled to be heard and present evidence at the hearing. *See id.* § 14–33–8–15. At the conclusion of the hearing, the trial court either dismisses or approves the re-

---

**3.** Under the eminent domain statutes, after a complaint is filed to appropriate a landowner's real estate, *see* Ind.Code § 32–11–1–2 (1998), a notice of the complaint filing is sent to the affected landowner; *see id.* § 32–11–1–3; the notice tells the landowner to appear before a court within a specified time to show cause why the land should not be appropriated, *id.;* after approval of appropriation, the court appoints three appraisers to assess the landowner's damages resulting from the appropriation and the appraisers prepare a re-

port reflecting the assessment thereof; *id.* § 32–11–1–4; another notice is sent to the landowner explaining that the appraisers' report was filed and that the landowner has 20 days from the mailing of the notice to file written exceptions to the appraisers' report, *id.* § 32–11–1–8; if no exceptions are filed, the appraisers' report is conclusive as to the matter of damages, *id.; see also Samplawski v. City of Portage,* 512 N.E.2d 456, 458 (Ind. Ct.App.1987).

port; its order is subject to appellate review. *See id.* § 14–33–8–16.[4]

■ In short, the Conservancy Act provides a definite procedure for interested landowners to follow when contesting an appraisers' report, and "where the statute fixes a definite procedure, it must be followed." *Lehnen,* 693 N.E.2d at 582. Landowners must comply with the special statutory procedures laid out by the legislature before seeking judicial review of either the damage assessment (under eminent domain actions), *see Decker,* 261 Ind. at 529, 307 N.E.2d at 53, or exceptional benefits assessments (under conservancy district statutes). Allowing landowners to file untimely exceptions in the trial court is simply not authorized by the conservancy district statutory scheme.

■ Here, the Kirkbrides were required to take action by filing *timely* exceptions to the appraisers' report pursuant to Indiana Code § 14–33–8–13 and as explained in the notification sent to them. That is, they were required to file exceptions to the appraisers' report before September 29, 1998, the date of the hearing, in order to contest the exceptional benefits assessment of $7,600. The Kirkbrides do not dispute that they received notification of the hearing detailing the implications of the appraisers' report, but they neither attended the hearing nor filed exceptions. Consequently, the Kirkbrides are deemed to have acquiesced in the appraisers' report, and it became conclusive as to them.

■ As noted *supra,* the Kirkbrides seek to invoke the provisions of Trial Rule 60(B)(1) which allow relief from a final order or judgment on grounds of "mistake ... or excusable neglect." They argue that their mistaken impression that their exceptional benefit liability was $3,800 (rather than $7,600) entitled them to invoke the rule. Given the legislature's detailed and clear specification of the way in which exceptional benefit assessments are to be contested, we hold that the Kirkbrides' misunderstanding here was not a "mistake" within the meaning of the rule. To hold otherwise would undermine the statutory scheme for fixing in place the financing arrangements of conservancy districts and, by extension, of other governmental units operating under similar statutory arrangements.[5]

### Conclusion

Having previously granted transfer, we vacate the opinion of the Court of Appeals pursuant to Indiana Appellate Rule

---

4. It is worth noting one important difference between the exception procedures in the Conservancy Act and the eminent domain statute. The Conservancy Act provides that a landowner accepts the appraisers' report "unless, *within the time limit prescribed by the notice of hearing* on the report of the board of appraisers, the interested person files an exception to the appraisers' report...." Ind.Code § 14–33–8–13(b) (1998) (emphasis added). In contrast, the eminent domain statute expressly sets a defined time limit—20 days after filing the report—in which the landowner must file exceptions to the appraisers' report. *See id.* § 32–11–1–8. Thus, for the landowner to file timely exceptions in a conservancy district action, he or she must have received a *notice of the hearing* under Ind. Code § 14–33–8–12, and that notice must have a definite time limit to object. If no notice was sent to the affected landowners,

then the landowners would have a basis to seek judicial relief. However, that is not the situation in this case. In compliance with the statute, the Kirkbrides received a notice of the hearing on the report informing them that (1) the amount assessed for *each lot* was $3,800; (2) their lots, Lot 51 and Lot 52, were listed separately in the report (R. at 7, 68); (3) *the hearing on the report was set for September 29, 1998;* and (4) interested parties will have accepted the appraisers' report "unless such person file[d] exceptions to said Appraiser's [sic] Report before the time set for the hearing...." (R. at 4.)

5. This case is distinct from *Clear Creek Conservancy Dist. v. Wooden,* 712 N.E.2d 997 (Ind. Ct.App.1999), in which relief from an assessment was granted pursuant to statute and not pursuant to Trial Rule 60.

11(B)(3) and remand to the trial court for proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.