**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**UNIVERSAL OUTDOOR, INC.,
Appellee–Defendant.**

**No. 49A05–0609–CV–536.**

Court of Appeals of Indiana.

April 18, 2007.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Joseph W. Hammes, Tabbert, Hahn, Earnest & Weddle Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff State of Indiana (the State) appeals the trial court's judgment in favor of appellee-defendant Universal Outdoors, Inc. (Universal) in a condemnation action that the State filed against Universal. Specifically, the State argues that the trial court erred by finding that the State did not properly file its exceptions pursuant to Indiana Code section 32–24–1–11, which resulted in a judgment in favor of Universal. Holding that exceptions are timely if filed within twenty days of the appraisers' report but no later than twenty days after the clerk sends notice of the appraisers' report to the parties, we conclude that both parties' exceptions were timely filed and, therefore, reverse the judgment of the trial court.

### FACTS

On October 29, 2001, the State acquired fee simple title from Charles and Betty Corbett to their property, which the State planned to use in conjunction with an Indianapolis highway improvement project. The Corbetts had leased a portion of the property to Universal, and the terms of the lease allowed Universal to construct and maintain an outdoor advertising billboard on the property. The State offered Universal $23,550 for its property interest, but Universal rejected the offer.

On June 24, 2004, the State filed a complaint against Universal, asking the trial court to appropriate Universal's property interest to the State and appoint three disinterested freeholders to appraise the value of the interest. On October 25, 2005, the trial court entered an order of appropriation and appointed three appraisers.

On February 3, 2006, the appraisers filed a report (the Appraisers' Report) and concluded that Universal was entitled to just compensation. The Appraisers' Report assessed Universal's total damages at $243,800. On February 13, 2006, Universal filed its exceptions to the Appraisers' Report, arguing that the total damages award was inadequate because it did not include Universal's consequential damages or its improvements to the property. On February 16, 2006, the State filed its ex-

ceptions to the Appraisers' Report, arguing that the total damages award was excessive.

On March 3, 2006, the State deposited $243,800 in an interest-bearing account to be held by the Marion County Clerk (Clerk).[1] On March 7, 2006, the trial court issued an entry and order, acknowledging that the Appraisers' Report had valued Universal's property interest at $243,800 and ordering the State to pay the Clerk an appraisers' fee totaling $1,800.

On March 9, 2006, the Clerk, for the first time, sent the parties' attorneys an entry and order file stamped March 7, 2006 (the Clerk's Notice), which officially gave the parties notice of the Appraisers' Report. Universal and the State received the Clerk's Notice by certified mail on March 10, 2006, and March 13, 2006, respectively.

On May 30, 2006, Universal filed a motion for judgment, relying on the fact that neither party had filed its exceptions during the twenty-day period following the Clerk's Notice. Specifically, Universal argued that the parties' exceptions filed prior to the Clerk's Notice were invalid because they were not filed during the exceptions period as it is defined by Indiana Code section 32–24–1–11. On June 9, 2006, the State filed a response in opposition to Universal's motion, arguing that the State did timely file its exceptions because, although filed before the Clerk's Notice, the exceptions were

still filed within twenty days of that event. Furthermore, the State argued that the intent of Indiana Code section 32–24–1–11 was to provide the trial court with notice of a party's challenge to an appraisers' report and that the State's filed exceptions fulfilled that intent.

On August 3, 2006, the trial court granted Universal's motion, finding that "the period of time within which to file exceptions to the [Appraisers' Report] began to run from and after (no earlier than) March 9, 2006, and ended (no later than) April 18, 2006"[2] and that "[n]either party filed exceptions during the Exceptions Period." Appellant's App. p. 58. In light of that finding, the trial court ordered the Clerk to pay Universal $243,800 plus the interest accrued from the account. The State now appeals.

## DISCUSSION AND DECISION

The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). Therefore, our standard of review is two-tiered: we first determine whether the evidence supports the trial court's findings and then we determine whether those findings support the judgment. *Purcell v. S. Hills Invs., LLC*, 847 N.E.2d 991, 996 (Ind.Ct.App.2006). Findings of fact are clearly erroneous when the record lacks any reasonable inference from the evidence to support them, and the trial court's judgment is clearly erroneous if it is unsupported by the findings and the

---

1. While the parties do not address why the State deposited the assessed damages award with the Clerk after filing its exceptions, this action is likely explained by Indiana Code section 32–24–1–10, which allows a condemnor who has deposited the assessed damages with the clerk to "take possession of and hold the interest in the property so acquired for the uses stated in the complaint, subject to the appeal provided for in section 8 of this chap-

ter ... [and] subject to review as provided [by the parties' filed exceptions]."

2. We recognize that the trial court cited March 9, 2006, as the date that the twenty-day exceptions period began to run because that is the date that the Clerk's Notice was sent. However, it is unclear how the trial court determined that the exceptions period ended April 18, 2006, because twenty days after March 9, 2006, is March 29, 2006.

conclusions that rely upon those findings. *Id.* In determining whether the findings or the judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn therefrom. *Id.* We do not reweigh the evidence or judge the credibility of witnesses, and we must affirm the trial court's decision if the record contains any supporting evidence or inferences. *Id.*

While we defer substantially to findings of fact, we do not do so to conclusions of law. *Carmichael v. Siegel*, 754 N.E.2d 619, 625 (Ind.Ct.App.2001). We evaluate questions of law de novo and owe no deference to a trial court's analysis of such questions. *Id.* To the extent we interpret statutes, we also apply a de novo standard of review. *Dedelow v. Pucalik*, 801 N.E.2d 178, 183 (Ind.Ct.App.2003).

■ Indiana Code sections 32–24–1–1 through –17 govern the power of eminent domain. When a condemnor files a complaint to exercise this power, a notice is issued and served on the landowner, which requests his appearance at a stated time to show cause, if any, as to why the property sought to be condemned should not be acquired. I.C. § 32–24–1–6. If he believes that he has cause, he may file objections. I.C. § 32–24–1–8. If no objections are filed, or if those filed are overruled, an order of appropriation is entered and three appraisers are appointed and ordered to file a report appraising the landowner's damages resulting from the appropriation. I.C. § 32–24–1–9. Within twenty days of the date the appraisers' report is filed, either or both parties may file "exceptions" to the appraisal. I.C. § 32–24–1–11. If timely filed, exceptions raise the issue of the amount of damages. *Lehnen v. State*, 693 N.E.2d 580, 581–82 (Ind.Ct.App.1998). If no exceptions are timely filed, the appraisers' valuation becomes final. *Id.*

Where statutory provisions are in conflict, no part of a statute should be rendered meaningless, but the provisions should, instead, be reconciled with the rest of the statute. *Robinson v. Wroblewski*, 704 N.E.2d 467, 474 (Ind.1998). In construing a statutory provision, we must consider the statute as an entirety, with each part being viewed not as an isolated fragment but in conjunction with all other companion provisions. *Id.* To effect the legislature's intent, we will construe an ambiguous statute in a manner consistent with other sections of the enactment. *Id.* We examine the statute as a whole and give common and ordinary meaning to the words employed. *Id.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Hatcher v. State*, 762 N.E.2d 170, 172 (Ind. Ct.App.2002).

Indiana Code section 32–21–1–11 provides, in relevant part:

(a) Any party to an action under this chapter aggrieved by the assessment of benefits or damages may file written exceptions to the assessment in the office of the circuit court clerk. Exceptions to the assessment must be filed not later than twenty (20) days after the filing of the report.

\* \* \*

(c) Notice of filing of the appraisers' report shall be given by the circuit court clerk to all known parties to the action and their attorneys of record by certified mail. The period of exceptions shall run from and after the date of mailing. Either party may appeal a judgment as to benefits or damages as in civil actions.

■ Here, the Appraisers' Report was filed on February 3, 2006, but the Clerk's Notice was not sent until March 7, 2006— more than one month after the Appraisers'

Report was filed. Both parties filed their exceptions after the Appraisers' Report was filed but before the Clerk's Notice was sent. The unique timing of these events highlights an inconsistency between subsections (a) and (c) of Indiana Code section 32–24–1–11. Although both parties filed their exceptions within twenty days of the Appraisers' Report—thereby complying with subsection (a)—they did not file them during the twenty days following the Clerk's Notice—thereby contravening subsection (c). Because subsection (c) defines the exceptions period as "from and after the date of mailing" of the clerk's notice, the trial court held that neither party had timely filed its exceptions, specifically noting that "it would have been no hardship [for the State] to timely file its exceptions once the Exceptions Period was triggered by the [Clerk's Notice]." Appellant's App. p. 60.

■ While the trial court deemed the parties' filed exceptions to be "nullities,"[3] *id.* at 59, that conclusion does not adhere to the purpose of the exceptions statute, which is to notify the trial court that a party takes issue with the amount of damages specified in the appraisers' report. *See Lehnen,* 693 N.E.2d at 581–82 (holding that "[i]f timely filed, exceptions raise the issue of the amount of the landowner's damages"). If neither party files excep-

tions, the appraisers' valuation becomes final because no issue remains for trial. *State v. Berger,* 534 N.E.2d 268, 269 (Ind. Ct.App.1989).

■ To harmonize subsections (a) and (c) in light of the purpose of the exceptions statute, we hold that exceptions are timely if filed within twenty days of the filing of the appraisers' report but no later than twenty days after the clerk sends notice of the appraisers' report to the parties. Applying this holding to the facts before us, the parties' exceptions were timely as long as they were filed between February 3, 2006—the date that the Appraisers' Report was filed—and March 29, 2006—twenty days after the Clerk's Notice.[4] Because both the State and Universal filed their exceptions within this period, we find that both parties' exceptions were timely. Therefore, we reverse the trial court's judgment in favor of Universal and remand this case to the trial court for a hearing regarding the parties' filed exceptions.

We reverse the judgment of the trial court.

FRIEDLANDER, J., and CRONE, J., concur.

---

**3.** Universal supports the trial court's judgment by arguing that *Lehnen* stands for the proposition that the trial court did not have "discretion or jurisdiction to excuse the failure to file exceptions." 693 N.E.2d at 582. In *Lehnen,* both parties filed exceptions after an appraisers' report was filed; however, the State subsequently filed a second amended complaint to reflect changes in the highway construction plan. *Id.* at 581. In light of the amended complaint, *another* appraisers' report was filed but neither party filed exceptions to that report. While we held on appeal that the trial court did not have "discretion or jurisdiction to excuse the failure to file excep-

tions[,]" *id.* at 582, our holding was based on the fact that the State's amended complaint resulted in a new appraisers' report that required the parties to file new exceptions. Therefore, *Lehnen* is distinguishable and, thus, is not instructive.

**4.** We realize that our holding results in a fifty-four day exceptions period in this case; however, the length of that period will typically be much shorter. Neither the trial court nor the parties have explained why the Clerk's Notice was sent more than one month after the filing of the Appraisers' Report.