**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**PATRICK F. O'LEARY**
Goshen, Indiana

**MICHAEL F. DEBONI**
Yoder, Ainlay, Ulmer & Buckingham, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**AMY STEKETEE FOX**
Fort Wayne, Indiana

**ALISON G. FOX**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELLY ROBERTSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1406-PL-252 |
| | ) | |
| ELKHART HOUSING AUTHORITY, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT 4
The Honorable Olga Stickel, Judge
Cause No. 20D04-1212-PL-295

**November 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Kelley Robertson sued Elkhart Housing Authority (Employer), her former employer, alleging that it discharged her in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–54 (2008) (West, Westlaw current through P.L. 113-163 (excluding P.L. 113-1280 approved 8-8-14)) (the FMLA). The trial court granted Employer's subsequent motion for summary judgment, and Robertson appeals.

We affirm.

Employer is a public entity that was established under Ind. Code Ann. § 36-7-18 *et seq.* (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). Although legally denominated as the Housing Authority of the City of Elkhart, the Employer is not affiliated with the City of Elkhart. The significance of this fact will be explained later. Robertson began working in Employer's accounting department on September 16, 2008. As a result of deficiencies in her performance relating to speed and accuracy, Robertson was placed on a Corrective Action Plan on December 1, 2010. At that time, she was notified that continued failure to meet performance expectations would result in her dismissal. Approximately one week after receiving the Corrective Action Plan, Robertson contacted Angelia Washington, Employer's human resources manager, and requested forms for medical leave. Washington instructed Robertson to submit her request in writing to her supervisor. On December 9, 2010, Robertson submitted a signed, handwritten note stating: "This serves as written notification that on 12-9-10 I requested to complete forms for Family Medical Leave Act through human resources for medical reasons." *Appellant's Appendix* at 161-62. Washington gave Robertson the health-care

provider certification forms that Employer used when an employee requested family or medical leave.  These forms are the same health-care provider certification forms that are issued by the United States Department of Labor under the FMLA.

We return now to the subject of the FMLA as it relates to Employer.  The FMLA provides that if an employer has less than fifty employees at its worksite or within seventy-five miles of its worksite, its employees are not eligible for leave under the FMLA.  It is undisputed that Employer does not meet these criteria, i.e., it does not employ fifty or more employees at its worksite or within seventy-five miles of it.  Yet, the Employer provides its employees family and medical leave benefits that are similar to those offered under the FMLA.  Although the benefits are similar, Employer's benefit package does not provide protection for its employees under the FMLA for leave-related disputes.  In fact, Employer's 2010 employee handbook states:

> 29 CFR 825.108 States as follows:
>
> *All public agencies are covered by the FMLA regardless of the number of employees; they are not subject to the coverage threshold of 50 employees carried on the payroll each day for 20 or more weeks in a year.  **However**, employees of public agencies must meet all of the requirements of eligibility, including the requirement that the employer (e.g. [Employer]) employ 50 employees at the worksite or within 75 miles.*
>
> Since [the Employer's] employees would never be able to take leave under the FMLA unless they met **all** of the stated requirements, it is the policy of this agency to grant up to 12 weeks of family or medical leave during any 12-month period to eligible employees.  The leave may be paid, unpaid or a combination of paid and unpaid leaves, depending on the amount of accruals the employee has accumulated.

*Id.* at 56-57 (emphasis in original).

3

Robertson returned the completed health-care-provider certification forms to Employer. The forms, completed by Dr. Melissa Zimmer, indicated that Robertson suffered "some chronic medical conditions such as HTN, anxiety, and asthma that require periodic office visits." *Id.* at 176. According to the report, Robertson was "not currently incapacitated" and would "likely need to be seen every three months." *Id.* at 176 and 177, respectively. Moreover, the forms indicated that her conditions would not necessitate that she "work only intermittently or … on a less than full schedule [.]" *Id.* at 176. Robertson did not request to take any family or medical leave in conjunction with the forms.

On December 13 and December 15, 2010, Robertson used a total of one and one-half days of accrued sick leave, but there is no indication that this leave was related to an FMLA claim. On December 17, 2010 Robertson met with her supervisor, Joan Lau, and Washington to discuss her progress with respect to the Corrective Action Plan. Lau informed Robertson that she was still not meeting expectations. Robertson became frustrated, stated that she felt she was being forced out of her job, and told them she "was advised to file FMLA for my own protection [.]" *Id.* at 181. Lau and Washington met on December 21, 2010 to discuss Robertson's situation, and specifically the fact that Robertson had admitted that she completed FMLA forms because she believed that she was being forced from her job. According to an affidavit submitted by Washington:

> based on Robertson's statement during the meeting, the fact that the certification forms prepared by Robertson's physician did not support any request for medical leave, and that [sic] fact that Robertson had not requested any specific family or medical leave, Lau and I concluded that Robertson had been dishonest about her reason for submitting the request to complete

4

medical leave forms and that she was using her request for leave forms in an improper and dishonest attempt to hinder [Employer] from imposing appropriate discipline in relation to her performance issues.

*Supplemental Appendix of Appellee* at 42-43. Accordingly, after consulting with Employer's Executive Director, Kim Sindle, Robertson's employment was terminated. Approximately two years later, on December 19, 2012, Robertson filed a complaint for damages alleging that her employment was terminated in contravention of her exercise of rights under the FMLA.

Employer moved for summary judgment. The basis for that motion may be gleaned from the following excerpt from Employer's memorandum in support of its motion for summary judgment:

> [Employer's] employees are not eligible for leave under the Family Medical Leave Act … because it does not employ the requisite 50 employees. Although the plaintiff in this case, Robertson, does not dispute this fact, she nonetheless is suing [Employer] for interfering with her FMLA rights by claiming that the theory of equitable estoppel bars [Employer] from relying on the fact that she was not eligible under the FMLA. Because equitable estoppel is not available against a public entity, such as [Employer], except in very narrow circumstances not present here, summary judgment is appropriate on Robertson's claim against [Employer].

*Id.* at 6. The trial court granted Employer's motion and this appeal ensued.

Robertson appeals from a grant of summary judgment. Summary judgment is appropriate where the moving party shows there are no genuine issues of material fact with respect to a particular issue or claim. Ind. Trial Rule 56(C); *Bleeke v. Lemmon*, 6 N.E.3d 907 (Ind. 2014). We review a summary judgment order *de novo*. *Hughley v. State*, 15 N.E.3d 1000 (Ind. 2014). Considering only the facts supported by evidence designated to

5

the trial court by the parties, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." T.R. 56(C); *see also TP Orthodontics, Inc. v. Kesling*, 15 N.E.3d 985 (Ind. 2014). Where the moving party designates material demonstrating there are no genuine issues of material fact with respect to a particular issue or claim, the burden shifts to the non-moving party to come forward with designated evidence showing the existence of a genuine issue of material fact. *Bleeke v. Lemmon*, 6 N.E.3d 907. Upon review, we will accept as true those facts alleged by the nonmoving party. *Sees v. Bank One, Indiana, N.A.*, 839 N.E.2d 154 (Ind. 2005). "All designated evidence and reasonable inferences must be construed in favor of the non-moving party, and doubts resolved against the moving party." *Bleeke v. Lemmon*, 6 N.E.3d at 917. The appellant bears the burden of demonstrating that the grant of summary judgment was erroneous. *Hughley v. State*, 15 N.E.3d 1000. Finally, we will affirm a grant of summary judgment on any theory supported by the record. *Holiday Hospitality Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574 (Ind. 2013).

The FMLA entitles certain employees to twelve weeks of unpaid leave for certain specified reasons, including the employee's serious health condition, the birth or adoption of a child, or the employee's need to care for a seriously ill family member. 29 U.S.C. § 2612. Following a qualified leave, an eligible employee is entitled to be restored to the former position or one with equivalent benefits, pay, and conditions of employment. *Id.* at § 2614(a)(1). An employee is not eligible for such leave, however, if the employee is an "employee of any employer who is employed at a worksite at which such employer

6

employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii). It is undisputed in the present case that Employer does not meet the foregoing criteria. That is, Robertson was employed at a worksite at which Employer employs less than fifty employees and the total number of employees employed by Employer within seventy-five miles of that worksite is less than fifty. Ordinarily, this would mean that Robertson is not an "eligible employee" within the meaning of the FMLA and thus is not entitled to recover damages for the violation of her rights under the FMLA. Robertson contends, however, that Employer is estopped from arguing that the FMLA does not apply because Employer led her to believe that it did apply. Essentially, then, this case turns upon the question of whether equitable estoppel applies on the facts of this case.

Our case law has consistently held that estoppel "is not generally applicable against government entities for the actions of public officials." *Biddle v. BAA Indianapolis, LLC*, 860 N.E.2d 570, 581 (Ind. 2007). The reason for this principle has been explained thus: "If the government could be estopped, then dishonest, incompetent or negligent public officials could damage the interests of the public. At the same time, if the government were bound by its employees' unauthorized representations, then government, itself, could be precluded from functioning." *Id.* (quoting *Samplawski v. City of Portage,* 512 N.E.2d 456, 459 (Ind. Ct. App. 1987)). Nevertheless, our courts have recognized that there is an exception to this general rule "where the party asserting estoppel has detrimentally relied on a governmental entity's affirmative assertion or on its silence where there was a duty to

speak." *Id.* (quoting *Equicor Dev., Inc. v. Westfield–Washington Twp. Plan Comm'n,* 758 N.E.2d 34, 39 (Ind. 2001)). In order to prevail on this theory against the government, the party asserting it must show that it (1) lacked knowledge and the means of knowledge concerning the facts in question, (2) relied upon the conduct of the party estopped, and (3) acted based upon this lack of knowledge in such a way as "to change [its] position prejudicially." *Schoettmer v. Wright*, 992 N.E.2d 702, 709 (Ind. 2013).[1] Stated succinctly, "[e]quitable estoppel will not apply against the State unless there is 'clear evidence that its agents made representations upon which the party asserting estoppel relied.'" *Id.* (quoting *Story Bed & Breakfast, LLP v. Brown Cnty. Area Plan Comm'n*, 819 N.E.2d 55, 67 (Ind. 2004)). Robertson bears the burden of producing that evidence. *Schoettmer v. Wright*, 992 N.E.2d 702.

Employer argues persuasively that Robertson cannot satisfy any of the three elements. We need consider only one of those elements, however, as the evidence clearly indicates this element was not met. Namely, there is no evidence that Robertson acted to

---

[1] The parties seem to be in agreement that a fourth element is added when this theory is applied in the context of a claimed FMLA violation lodged against a public agency. Citing multiple federal circuit court cases, of which *Gibson v. W.*, 201 F.3d 990, 994 (7th Cir. 2000), is representative, the parties apparently agree that in order to prevail, Robertson must also prove that Employer engaged in "affirmative misconduct", which in this context requires more than a showing of mere negligence – it requires Robertson to prove that Employer committed "an affirmative act to misrepresent or mislead." Although numerous federal court decisions do indeed recognize this fourth element, we can find no Indiana case that does likewise. Instead, our cases consistently recognize only the three elements mentioned above. Granted, our research did not uncover any Indiana cases where estoppel was alleged against a public entity in the context of an FMLA action, but we do not discern anything about an FMLA action – versus other types of actions – that is deserving of this additional element. In any event, we decline to decide the question one way or the other when we can resolve this issue without considering it.

8

her prejudice upon her belief that she was covered by the FMLA. The evidence indicates that Robertson completed and submitted what she believed to be FMLA leave forms. The health-care-provider certification form completed by Dr. Zimmer and submitted to Employer, however, indicated that Robertson was not incapacitated, would need to be seen only every three months, and would not necessitate that Robertson work less than full schedule. Indeed, Robertson did not request to take any family or medical leave in conjunction with the leave forms she submitted. Robertson failed to establish that the approximately two days sick leave she took after submitting the forms were related to an FMLA claim. Thus, Robertson has failed to establish that in reliance upon her belief that she was covered by the FMLA, she acted in such a way as to change her position, much less to change it to her prejudice. Because she failed to establish this element, we conclude that the general rule precluding estoppel against the government applies to Robertson's promissory estoppel claim. The trial court properly granted Employer's motion for summary judgment.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.